Mr. Justice SWAYNE
 

 stated the ease particularly, and delivered the opinion of the court.'
 

 This is a writ of error to the Circuit Court of the United States for the District of Iowa.
 

 The plaintiff in error was the plaintiff in the court below. The declaration contains two counts. The first count alleges substantially that the plaintiff recovered a judgment against the county of Desmoines in the said Circuit Court; that afterwards such proceedings were had that a peremptory writ of mandamus was issued from that court and duly served upon the defendants as supervisors of said count}1, whereby they were commanded to levy a tax sufficient to pay the judgment and costs; that in September, 1868, it was their duty to lévy such a tax, and that they neglected to do
 
 *137
 
 bo, whereby the plaintiff sustained damage to the amount of $12,108^.
 

 The second count sets forth substantially the same facts; and, further, the provisions of the code of Iowa prescribing the duty of the defendants, as supervisors, under such circumstances, and declaring that a failure on their part to perform the duty enjoined, should render them personally responsible for the debt. It is further averred in this count that the judgment is in full force and unsatisfied, and that the defendants have levied no tax and made no provision for its payment, and that the plaintiff is thereby damaged in the sum stated in the first count.
 

 The defendants, by their answer, set up three defences:
 

 (1.) Nil debet.
 

 (2.) That the District Court of Desmoines County had enjoined them from levying a tax to pay the judgment; that they were nevertheless proceeding to levy such tax when they were attached by order of that court for contempt of its process, and compelled to give bonds to answer said charge of contempt and to obey the injunction, and that those bonds were still iu force and obligatory upon them.
 

 (3.) That before the peremptory writ of mandamus was issued the legislature of Iowa repealed the statutory provision, whereby they were made individually liable for the delinquency charged against them, and that, by reason of such repeal, they are not so liable.
 

 The plaintiff demurred to the answer. The court overruled the demurrer and gave judgment for the defendants.
 

 The counsel for the plaintiff'in error has filed an able and elaborate brief. None has been submitted in behalf of the defendants. A few remarks will be sufficient to dispose of the case.
 

 The Circuit Court had authority to issue the writ of mandamus. It was the process resorted to by the plaintiff to procure satisfaction of his judgment. The State court was powerless to prevent its execution. In so far as concerned the process in question the injunction was a nullity. In such
 
 *138
 
 cases the two sets of tribunals — State and National — are as independent as they are separate. Neither can impede or arrest any action the other may take, within the limits of its jurisdiction, for the satisfaction of its judgments and decrees. Where either is in possession of the
 
 res
 
 sought to be reached, the process of the other must pause until that possession has terminated. But this rule has no application in the case before us. These principles are a part of the checks and balances of our dual and combined polity, and are indispensable to the harmonious and beneficial working of the system. If the ground assumed by the State court in this case can be maintained, the Constitution of the United States, and the laws made in pursuance .thereof, as regards their judicial administration, instead of being the supreme law of the land, would be subordinated to the authority of the courts of every State in the Union. If this writ may be paralyzed by the injunction relied upon, a. writ of
 
 fieri facias
 
 and a writ of
 
 levari facias
 
 may be defeated in the same way. In point of principle there is no distinction between them; Every judgment of a court of the United States may thus be rendered fruitless of any beneficial result. These views are conclusively maintained by
 
 Riggs
 
 v. Johnson,
 
 *
 
 and the principle involved has since been reaffirmed in the cases which followed, and were controlled by that judgment.
 

 It is not necessary to consider the effect of the repeal of the provision of the code which enacted that the delinquent parties shall be personally liable. There is a common law liability which was not affected by the repeal. The statute was only cumulative on the subject.
 

 The rule is well settled, that where the law requires absolutely a ministerial act to be done by a public officer, and he neglects or refuses to do such act, he may be compelled to respond in damages to the extent of the injury arising
 
 from
 
 his conduct. There is an unbroken current of authorities to this effect. A mistake as to his duty and honest intentions will not excuse the offender. The question of the rule
 
 *139
 
 by which the measure of damages is to be ascertained is not before us, and we do not feel called upon to express any opinion upon the subject.
 

 The defences set up in the answer of the defendants are clearly bad. The demurrer should have been sustained.
 

 The judgment of the Circuit Court is reversed, and the cause will be remanded with instructions to that court to proceed.
 

 In conformity to this opinion.
 

 *
 

 6 Wallace, 166.