Baker v. Daily.

ALEXANDER BAKER, ET AL., PLAINTIFFS IN ERROR, V.
WILLIAM DAILY, DEFENDANT IN ERROR.

1. **Bankruptcy**: REPLEVIN OF PROPERTY FROM THE U. S. MARSHAL. In proceedings in bankruptcy in the United States district court, the marshal, under a writ duly issued, seized a stock of goods then in possession of a vendee of the alleged bankrupt, at the request of the petitioning creditor, and upon his executing a bond indemnifying the marshal "against any damages, loss, or expense" incurred by taking the property. Thereupon the purchaser, by an order of replevin issued from the state district court, took the goods from the marshal, who made no defense, but suffered judgment for damages to be entered against him on default—which he paid. *Held*—That the state court had jurisdiction, and that the damages adjudged could be recovered against the principal and his sureties on the indemnifying bond. *Held also*—That by proper answer showing the authority under which he took the goods, the marshal could have rendered it improper and erroneous for the state court to have proceeded further with the case.

Baker v. Daily.

2 ——— : ———.   The possession of the goods by the marshal was the possession of the court whose officer he was, and it was the right of that court to determine whether that possession was legal or not.

3. ——— : WAIVER BY MARSHAL. But this right the marshal could waive, and he did waive it by failure to answer.

4. Practice in Replevin: SERVICE OF ORDER IN. The failure of the sheriff to serve a copy of the order of delivery upon the defendant was not a fatal defect. It was an irregularity which should have been taken advantage of, if at all, before trial and judgment, for afterwards it is too late to do so.

5. ——— : DAMAGES MAY BE ASSESSED BY THE COURT. A jury may be waived and damages assessed by the court in actions in replevin.

6. Damages. An expense incurred by the marshal in taking care of the goods hile in his custody, but not paid until the day of trial, was properly allowed as damage.

ERROR from the district court of Douglas county, the case being as follows:

In May, 1874, one John T. Edgar commenced proceedings in bankruptcy in the U. S. district court of Nebraska, against one William Malchow, doing business at West Point. The provisional warrant, under section forty of the bankrupt act, was issued upon such proceedings, directed to the defendant in error, as U. S. marshal or messenger of said court, by which he was commanded to seize and take into his possession the property of the alleged bankrupt, Malchow. Upon attempting to obey the command of this writ, he found what was supposed to be the property of Malchow in the possession of one Charles Autzen. The property consisted of a stock of hardware and machinery. Finding the property thus situated, he refused to take possession unless indemnified. Thereupon Edgar, with plaintiffs in error, Baker and Hugus, as sureties, executed to Daily, as U. S. marshal, an indemnifying bond, and Daily took possession of the property in the hands of Autzen. In June fol-

lowing Autzen brought his action in replevin against Daily and Crawford, who acted as store-keeper for the marshal, in the district court of Cuming county. The defendant Crawford answered, but before trial withdrew it, and judgment was entered by the court as upon default against both defendants, Daily not having answered. The summons was served upon Daily, the order of delivery was not. The court found the right of property in the plaintiff, Autzen; awarded it to him, and assessed his damages at the sum of $218.51, and costs, taxed at $20.06, and rendered judgment accordingly against both defendants. This judgment Daily paid, and in June, 1875, brought suit to recover of Edgar and his sureties, Baker and Hugus, upon the bond, the sum of money paid by Daily upon the judgment of the court of Cuming county, and also other items of expense, amounting to $214.20; upon which items he gave credit of $40.00, paid by Edgar. One of the items which went to make up this $214.20, was $150 alleged in his petition to have been paid Crawford, who acted as his store-keeper at West Point, during the time he, Daily, had the goods in his possession. Upon the trial of the cause it appeared that this sum of money had not been paid at the time of bringing suit, and was not paid until December 4th, 1876, the day upon which the cause was tried. Judgment below, was given in favor of Daily, and Baker and Hugus, the sureties in the indemnifying bond, brought the cause up by petition in error.

The bill of exceptions states that: "At the time of the bringing said replevin suit as aforesaid, and at the time of the rendition of said judgment by the district court of said Cuming county, the said proceedings in bankruptcy were still pending and undetermined in the district court of the United States for the district of Nebraska." The plaintiffs in error were not notified of

the pendency of the suit in replevin and knew nothing of it. The principal in the bond, Edgar, was notified by Daily.

*G. W. Ambrose,* for plaintiff in error.

1. It was the duty of Daily, as messenger of the U. S. court, to seize upon the property of the alleged bankrupt, but he had no duty to perform as to the property of any other person, and the fact that he seized the property of Autzen made him a trespasser, and the giving of the bond by the others, constituted them joint trespassers with him, as was decided in *Davis v. Newkirk,* 5 Denio, 92. A suit might have been maintained by Autzen against them all, but instead an action was prosecuted against one alone, a judgment rendered against him, which he has paid, and if this was an action by the marshal for contribution from his co-trespassers, there is no question that he could not recover. Public policy speaks loudly against it, and the law does not recognize any of the rights or obligations of copartnership in an association for mischief. *Peck v. Ellis,* 2 Johns. Ch., 131. *Miller v. Fenton,* 11 Paige, 18. *Vose v. Grant,* 15 Mass., 521. This of course, proceeds upon the theory that the parties obligated themselves to indemnify against an unlawful act. If a wilful trespass was in contemplation at the giving of this bond there could be no recovery even upon the bond. *Davis v. Arlidge,* 3 Hill (S. C.), 170. *Avery v. Halsey,* 14 Pick., 174. *Stark v. Raney,* 18 Cal., 622. Is the case changed at all when the marshal shall have done an unlawful act upon his own motion, and then seeks to compel satisfaction for his damage out of bondsmen, who, upon the face of their obligation, only desired him to do a lawful act? Can there be any recovery over by the marshal in such a case any more than when, at the

inception, it was in contemplation by all to do an unlawful act?

2.  The item of $150 paid Crawford upon the day of trial, was not a proper item of damage in this suit. The allegations of the petition as to damage, or payment of money, were all denied, and it was error to allow proof of the payment after bringing suit, or to render judgment upon such proof. The obligation on the part of Daily may have been incurred, but no recovery could have been had against the sureties until he had been damaged by being compelled to pay. This payment must have been before suit, or else no recovery.

3.  The order of delivery was not served upon Daily. This was as much a requirement to confer jurisdiction upon the court to render judgment against him in a replevin case as the service of summons in a case upon a promissory note. General Statutes, 553. Statute of Wisconsin, 1857, page 611. *Abrams v. Jones*, 4 Wis., 806.

4.  The damages were assessed by the court. It would seem that the court has no power or authority in the premises until the assessment of damages shall have been made by a jury. General Statutes, 553.

5.  The United States court having obtained the possession of this property, and the cause being still pending therein, it was not competent for the court of Cuming county to send out its mandate to take the possession therefrom or out of the hands of its officers. The remedy of Autzen was in that court alone, and the court passing the judgment against Daily was without jurisdiction. *Hagan v. Lucas*, 10 Peters, 400. *Wallace v. M'Connell*, 13 Peters, 151. *Taylor v. Carryl*, 20 How., 583. *Freeman v. Howe*, 24 How., 450. *Riggs v. Johnson*, 6 Wallace, 196. *Amy v. Supervisors*, 11 Wallace, 136.

6.  If any, or all these propositions are true, then

Daily had a good defense to the action against him. It was his duty to have interposed this defense, and the sureties to this bond, being neither parties or privies to that suit, may impeach the judgment for any reason which would have reversed the judgment upon writ of error prosecuted by a party to the record. *Downs v. Fuller*, 2 Met., 135. *Leonard v. Bryant*, 11 Met., 370. *Vose v. Morton*, 4 Cush., 27. *Griswold v. Stewart*, 4 Cow., 457. *Dawes v. Shed.*, 15 Mass., 7. *Gookin v. Sanborn*, 3 N. H., 491. *Hayes v. Seaver*, 7 Me. (Greenleaf), 237. *Bridgeport Ins. Co. v. Wilson*, 34 N. Y., 275. *Thomas v. Hubbell*, 15 N. Y., 405.

*J. L. Webster* and *John D. Howe*, for defendant in error.

1. There is no ground in this action to justify any serious claim that defendant in error was a trespasser within the meaning of the rule invoked by the counsel of the plaintiff in error. When such an officer as a United States Marshal, or a sheriff, is called upon by a creditor to levy the process of a court upon property held by a third party, as the property of the debtor, the officer acts as the agent of the creditor. The bond of indemnity given him by the creditor is valid, and can be enforced, if the officer has acted in good faith; in other words, if he did not act as a willful trespasser. We hear of this point for the first time in the brief of counsel herein. There is no issue in the pleadings which will authorize any such claim. The cases cited show the unfounded character of the pretense in this behalf. *Miller v. Rhoades*, 20 Ohio State, 494. *Cole v. Parker*, 7 Clark, (Iowa), 167. 2 Hill on Torts, 288 § 11. *Clark v. Foxcroft*, 6 Maine, 296. 17 Johns., 142. 5 Humph., 57. 2 Met., 53. 37 Penn., 399. 40 Penn., 359. 7 Mass. 123.

2.   The item of $150 was properly provable, and allowed.   *Noble v. Arnold*, 23 Ohio State, 264.   *Richardson v. Chorson*, 10 Q. B., 756.   *Klein v. Thompson*, 19 Ohio State., 569.   *Goodman v. Gay*, 15 Penn., St., 188. *Bancroft v. Winspear*, 44 Barb., 209.

3.   That the state court has not the power to secure to a citizen of the state a trial of the right of property in goods which he claims have been improperly seized as the property of another, by process issuing out of a federal court, this court will be reluctant to admit.   *Buck v. Colbath*, 7 Minn., 310.   *Sifford v. Beaty*, 12 Ohio State, 189.   *Howe v. Freeman*, 14 Gray, 566. ' 1 Kent's Com., 411, 495.   *Clark v. Skinner*, 20 John., 468. *Taylor v. Corryl*, 24 Penn. State, 259.   *Cropper v. Coburn*, 2 Curtis, 465.   *Dunn v. Vail*, 3 Martin, La., 602.   *Buck v. Colbath*, 3 Wall., 334, 343, 347. *Christmas v. Russel*, 14 Wall., 69, 80.   See the dissenting opinion by Miller, in 6 Wall., 200, concurred in by the chief justice and Grier.   The real question here does not require the judgment of this court upon the controverted point referred to.   The question is, whether, when the state court has exercised the jurisdiction without objection, and rendered its judgment, which has been satisfied by payment in good faith, it is evidence of the " damage, loss, or expense," provided for in the bond.   It is believed that even the most ultra decision of the federal courts does not hold that a judgment is void where the question as to the jurisdiction has never been raised or passed upon by the the state court, and when the jurisdiction has been exercised without objection and with permission.   No suggestion is made that the judgment is unjust; nothing is pleaded here to show that there is any probability that the litigation would have resulted differently if it had been carried on in the federal court.   Even if the jurisdiction of the federal court was paramount, can it be

fairly claimed that such priority of right could not have been waived; that the proceedings of the state court stand for naught?

If all that is contended for by the counsel is sound he must plead, specially, the want of jurisdiction.

LAKE, CH. J.

The objection made to the judgment of the district court for Cuming county is not valid. That court is one of general jurisdiction. It had jurisdiction of the person of the defendant, and also of the subject matter of the action, as shown by the petition, and therefore the judgment which it pronounced is binding upon all the parties to it until regularly set aside.

I. It is very likely that, had Daily chosen to do so, he could, by proper answer, have shown a state of facts that would have made it improper and erroneous for the court to have proceeded further with the case. He was acting under a writ duly issued from the federal court, whose officer he was. His possession was in contemplation of law the possession of the court, and it was the undoubted right of that court to determine whether such possession were lawful or not. *Amy v. The Supervisors*, 11 Wall., 136. But this right he could waive, and he did waive it, by neglecting to plead the authority under which he had taken the goods as a defense to the action. While he might have shielded himself by proper answer as against the jurisdiction of the state court, this was not necessary to entitle him to the protection of the indemnifying bond by which he was induced to make the seizure. The state court was fully competent to decide all of the questions involved in the case, and its judgment in the premises is quite as conclusive as a like judgment pronounced by the federal court would have been. Besides, the plaintiffs are not in a situation to complain. Edgar,

the principal in the bond, was duly notified by Daily that the goods had been replevied, and he agreed to employ counsel to take charge of the case.   Any defense that Daily could have made was also available to him, and it was his fault alone that it was not interposed. Notice to the sureties of Edgar was unnecessary.   His liability under the contract is the exact measure of theirs.   It may be true even that some of the items of damage allowed against Daily ought to have been rejected, but if so, it is now too late to question the correctness of the allowance then made.

II.   It is further objected that the judgment in the replevin suit is void.   1st.  Because a copy of the order of delivery was not served upon Daily, and 2d.  For the reason that a jury was not called to assess the damages. As to the first of these objections, we hold it to have been a mere irregularity or omission not at all essential to the jurisdiction of the court.   The court acquired jurisdiction over the person of Daily by the service of its summons upon him; and over the property, by the sheriff taking it into his possession under the order of delivery.   Daily was in court by virtue of the summons, and if it were desired to call in question the service of the order of delivery, the proper time was before trial and judgment, for afterwards it is too late to do so.

By the second of these objections it seems to be assumed that, under no circumstances in a replevin suit has the court the authority to assess the damages.   And so the supreme court of Ohio seems to have held under a statute just like ours so far as it affects this question. *Wolf v. Meyer*, 12 Ohio State, 432.   But this, unlike most of the decisions of that court, is not at all satisfactory, and we think fails to recognize the full scope of another provision of the statute relative to the trial of causes by the court.  Section 296, of our code of civil pro-

cedure, corresponding with Section 279, of the Ohio code, provides that: "The trial by jury may be waived by the parties in actions arising on contract, and with the assent of the court, in other actions, in the following manner:

"*First.* By the consent of the party appearing, when the other party fails to appear at the trial by himself or attorney.

"*Second.* By written consent in person, or by attorney, filed with the clerk.

"*Third.* By oral consent in open court entered on the journal."

An action to recover the possession of personal property does not arise on contract, and it therefore falls within the somewhat numerous class denominated in the foregoing section, "other actions," in which the waiver of a jury depends upon the assent of the court. But such assent will be presumed from the fact that the court did assess the damages. The case against Daily came within the *first* of the three sub-divisions of the section providing the manner of waiver when but one of the parties appears at the trial. In the case against Daily the plaintiff was the only party present at the trial, and he exercised the privilege of dispensing with the jury, and permitted the court to decide all the questions of fact necessary to a complete determination of the controversy. We think this practice was clearly within the statute, and fully justified, notwithstanding the decision in *Wolf v. Meyers*, above cited.

III. It is also assigned for error that the court below allowed to Daily as an item of damage, in addition to the amount found by the judgment in the replevin suit, the sum of $150, an expense incurred by him in taking care of the goods while they were under his control, but which he did not actually pay until the day of trial.

The State, ex rel. Jones v. Lancaster County.

We think this item was properly admitted under the petition. It was very clearly covered by the bond, one of the conditions being, that Edgar and his sureties, Baker and Hugus, should "hold the said United States marshal, Daily, harmless, and afford him full indemnity against any *damages, loss, or expense*" incurred by seizing the property in question. And the petition distinctly charges this item of $150 as a part of the necessary expense to which Daily was put, " by reason of taking possession of said property, pursuant to the request of the defendants, and under the protection of said bond." The fact that it was not actually paid until after the commencement of the action on the bond is of no consequence; he had incurred the indebtedness, and that was a damage against which the bond was designed to protect him. *Noble v. Arnold*, 23 Ohio State, 264.

We see no reason for disturbing the judgment, and it is affirmed.

JUDGMENT AFFIRMED.