## WYLLY v. GRIGSBY.

1. An objection to the introduction of any evidence, on the ground that the. complaint does not state a cause of action, need not specify wherein the complaint is insufficient.

2. The grantee of mortgaged land conveyed it to C., for the former's use and benefit, and afterwards obtained from the mortgagee's agent a certificate of satisfaction, executed by the mortgagee, which the agent had procured by fraud. After the mortgagee demanded of such grantee a return of the certificate, the latter delivered it to C., and permitted it to be recorded. *Held,* that an action in conversion lies. against the grantee for nominal damages because of the breach of duty in recording the certificate, though no substantial rights of the mortgagee were affected.

3. The amount appearing to be due on a note is presumed to be its value, in the absence of contrary evidence.

(Opinion filed April 4, 1899.)

On rehearing.   Reversed.

For former opinion, see 10 S. D. 13, 70 N. W. 1049.

*Wm. A. Wilkes* and *Davis, Lyon & Gates,* for appellant.

*J. W. Boyce,* for respondent.

HANEY, J.   When this appeal was formerly considered, the judgment of the circuit court was reversed, and a new trial ordered.   The issues involved are fully stated in our former opinion.   Wylly v. Grigsby, 10 S, D. 13, 70 N. W. 1049.   A rehearing having been granted, it is now contended that the objection to the introduction of any evidence should have been overruled, because it did not specify in what respects the complaint failed to state a cause of action.   This is untenable. As the objection that a complaint does not state facts sufficient to constitute a cause of action may be urged for the first time in this court, the form of the objection in the court below cannot be material.   The defects in this complaint pointed out in our former opinion were not cured by evidence received upon the trial. Carpenter, who held the record title to the mortgaged premises when this action was commenced, acquired such title before the satisfaction was recorded.   Therefore he was not an innocent purchaser, and, if the satisfaction was recorded without authority, there was nothing to prevent plaintiff from enforcing the lien of her mortgage, notwithstanding the unauthorized satisfaction; and if the complaint fails to state a cause of action, there is nothing to support the judgment.

We still adhere to the view that, if the allegations of the complaint are true, plaintiff has suffered no substantial injury, as she can foreclose her mortgage as if no satisfaction had been recorded; but upon more mature reflection, we think the

court, in its former decision, failed to observe that a breach of duty on the part of the defendant is alleged, entitling plaintiff to nominal damages, although it appears upon the face of the complaint that such breach of duty has caused plaintiff no appreciable detriment, Comp. Laws, § 4619. It was a breach of duty for defendant to record the certificate, under the circumstances alleged; therefore the objection that the complaint does not state a cause of action was properly overruled. However, for the reasons already given, and for the further reason that it is neither alleged nor proved that the note owned by plaintiff, to secure which the satisfied mortgage was given, is worth less than its face, the circuit court was in error when it gave plaintiff judgment for an amount in excess of nominal damages.

In the absence of evidence to the contrary, the law presumes that the amount appearing to be due upon a promissory note is its value. Cosand v. Bunker, 2 S. D. 294, 50 N. W. 84. Until the value of this note is shown to have beem impaired by the unauthorized act of defendant, it cannot be asserted that such act has caused any appreciable detriment, and plaintiff is not entitled to recover more than nominal damages. The judgment of the circuit court is reversed, and a new trial ordered.