No. 11,035.

INDUSTRIAL COMMISSION *v.* STONG, ET AL.

Decided June 29, 1925.   Rehearing denied September 8, 1925.

Action against state treasurer, and bondsmen, for damages occasioned by failure to invest state insurance funds as directed.   Judgment for defendants.

## *Reversed.*

1.   OFFICERS—*Neglect—Damages.*   Where the law requires absolutely a ministerial act to be done by a public officer and he neglects or refuses to do such act, he may be compelled to respond in damages to the extent of the injury arising from his conduct. A mistake as to his duty and honest intentions will not excuse the offender.

2.   ACTIONS—*Mandamus—Damages.*   Relief by mandamus and damages are distinct causes of action and may be joined in the same suit only where they affect all of the same parties in the same character and capacity.

3.   *Mandamus—Damages.*   In an action in mandamus against the state treasurer by the industrial commission to compel the former to invest state insurance funds as directed, the commission by electing to sue in mandamus did not waive its right to sue for damages occasioned by failure of the treasurer to act as directed.

4.   OFFICERS—*Neglect—Damages—Credit.*   In an action against the state treasurer for damages for failure to invest funds as directed, the contention that he was not entitled to credit for interest on investments made without authority, overruled.

*Error to the District Court of the City and County of Denver, Hon. S. W. Johnson, Judge.*

Mr. H. E. CURRAN, Mr. W. F. MOWRY, for plaintiff in error.

Messrs. GILLETTE & CLARK, Mr. L. WARD BANNISTER,

Mr. SAMUEL M. JANUARY, Mr. GEORGE A. CARLSON, Mr. W. R. RAMSEY, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties occupy the same relative position as in the trial court and for convenience we refer to them as they appeared there.

Plaintiff directed defendant Stong (state treasurer and as such custodian of the state compensation insurance fund, hereinafter called the insurance fund) to invest in United States bonds. Instead Stong bought other securities. Plaintiff thereupon brought mandamus and had judgment. It then brought this suit for $33,786.07 damages, loss to the insurance fund by reason of Stong's disobedience. To review a judgment entered against it plaintiff brings error.

Our present Workmen's Compensation Act is chapter 210, Laws of 1919. It establishes the insurance fund and gives plaintiff full control of it with power to sue and be sued. §§ 123, 124. By sections 140 and 142, the state treasurer is made custodian of the fund and required to give bond. The other defendants herein are sureties on that bond. Section 141 of the act provides for investment in national or state securities as directed by the commission. Under that section plaintiff made its order which defendant Stong ignored, resulting in the mandamus suit above mentioned. *Stong v. Industrial Commission*, 71 Colo. 133, 204 Pac. 892.

The pleadings in the instant case are lengthy and complicated, but need not be noticed herein because the essential facts (save a question of interest on which there is no conflict in the evidence), and much more, appear by stipulation. January 19, 1921, plaintiff directed Stong to invest $100,000 in United States 4¼ per cent bonds. These he could have bought within ten days at 88.60.

May 9, 1921, plaintiff directed a further investment of $100,000 in the same bonds. These Stong could have bought within ten days at 87.56. Instead he invested the $200,000 in 6 per cent state warrants on June 23, 1921. After remittitur in the mandamus suit, the permanent writ was issued and served March 25, 1922, and three days thereafter Stong complied by buying United States bonds as commanded at 98.56. It will thus be seen that by reason of Stong's failure to obey the directions of plaintiff there was loss to the insurance fund on the first order of $11,235.84, plus interest in the sum of $5,689.40, and on the second order of $12,566.40, plus interest in the sum of $4,294.38, or a total of $33,786.07. The record further shows that Stong received as interest on the 6% state warrants, $11,103.60, which he credited to the fund, leaving that fund short, by reason of his failure to comply with orders, $22,682.47. The trial court held that the question of damages might have been litigated in the mandamus action and that, having failed to avail itself of that right, plaintiff had waived the damages, or was estopped to claim them, or that the judgment in that suit was res adjudicata in this.

Aside from the foregoing the only defense now urged is that Stong should not be held in damages for a mere mistake in judgment, prompted by honest motives. The contention is without merit. "The rule is well settled, that where the law requires absolutely a ministerial act to be done by a public officer, and he neglects or refuses to do such act, he may be compelled to respond in damages to the extent of the injury arising from his conduct. There is an unbroken current of authorities to this effect. A mistake as to his duty and honest intentions will not excuse the offender." *Amy v. Supervisors,* 11 Wall. (U. S.) 136, 138, 20 L. Ed. 101.

Under the statute of 9 Anne, chapter 20, only damages for a false return were recoverable in a mandamus action. Those arising from neglect of duty were relegated to a separate suit, mandamus and suit for such damages

were held to be inconsistent remedies requiring an election, and recourse to one barred the other. Some of the states have followed the English statute and hold accordingly. *Smith v. Berryman,* 173 Mo. App. 148, 156 S. W. 40; 272 Mo. 365, 199 S. W. 165, 1 A. L. R. 1692; *State v. Ryan,* 2 Mo. App. 303.

Such was formerly the law in Colorado. R. S. 1868, c. LVII, § 3. We must presume that the amendment of that statute in Colorado altered the rule. The reason of it was unjust and illogical save where mandamus and damages would produce substantially the same result, as when the duty of the respondent was to pay money. Our present statute reads: "The order may also direct the jury to assess any damages which the applicant may have sustained, in case they find for him." Sec. 347 Civil Code, C. L. 1921.

Relief by mandamus and damages are separate and distinct causes of action and it seems reasonable to construe the foregoing section in the light of our Civil Code which provides that separate causes of action may be joined in the same suit only where "they affect all of the same parties, both plaintiff and defendant, and affect them in the same character and capacity." Sec. 76, Civil Code, C. L. 1921.

In the mandamus action these defendant companies were not necessary parties. Election is required only where the remedies are inconsistent. These are not. They are made by statute, in some cases at least, concurrent. Plaintiff could demand performance in the future and damages for nonperformance in the past (if the facts warranted) in the same action. Here the damages were recoverable, if at all, from parties who were not proper defendants in mandamus. The amount thereof depended upon market fluctuations in government bonds and was to be determined by the difference in market price between the date when Stong was charged with the duty to buy and the date when he bought. Until he bought the damage was not

determinable. There might, in fact, have been none, indeed there might have been a profit.

There is, however, another and much more potent reason why this suit may be maintained and these defendants must answer. Plaintiff and Stong were in effect, if not technically, trustees of a public trust. They were obliged to invest this insurance fund as provided by law and in that way obtain an income from it for the benefit of dependents under the Workmen's Compensation Act. That duty they could not neglect without responsibility, nor could they distribute gratis the fund thus entrusted to their care. Stong, by disobedience of the statute, having depleted the insurance fund more than $20,000 must make good that deficit. Certainly the commission could no more consent that he fail in that duty than it could consent that he appropriate the fund to his own use. It is unquestionable that, irrespective of mandamus, the right and duty devolved upon the commission to bring suit for the loss. Suppose it had merely given him a written discharge of his liability. What court, upon what theory, would hold such discharge valid? Suppose that in the mandamus action it had expressly waived the damages. Upon what principle could such waiver have been maintained? What the commission was powerless to do with this fund directly it was equally powerless to do indirectly, and what it was powerless to do intentionally it was equally powerless to do unintentionally, i. e., by electing to sue in mandamus, thus waiving the damages if such were the law.

The commission contends that the defendant Stong is not entitled to credit for interest on the state warrants because, being without authority to so invest, he can take no advantage of his own wrong. The point is not well taken. When Stong disobeyed the statute and the directions of plaintiff he became liable for all damage sustained by the insurance fund by reason of that act. That damage is the difference between the total fund as it is and as it would

have been. The interest obtained from the state warrants has been paid into the fund and must be credited.

The foregoing, coupled with the stipulation of facts and the undisputed evidence, leaves nothing herein to be tried in the court below.

The judgment is accordingly reversed and the cause remanded with directions to the trial court to enter judgment in conformity herewith.

MR. JUSTICE CAMPBELL and MR. JUSTICE ADAMS not participating.