HORNER, Appellant, v. TERPIN, et al, Respondents.

(258 N. W. 140.)

(File No. 7636. Opinion filed December 29, 1934.)

310

*Will G. Robinson,* of Pierre, for Appellant.

*Tom Kirby* and *Hans Hanson,* both of Sioux Falls, for Respondent Western Surety Co.

ROBERTS, P. J. Defendant Terpin was the treasurer of Mellette county for two successive terms beginning in January, 1929. The other two defendants are the sureties on his official bonds. This is an action on such bonds, and the breach alleged is the failure of the treasurer to pay warrants upon the general fund of the county in the order of registration. It is alleged that plaintiff is the holder of registered warrants amounting approximately to $4,700 upon the county general fund; that sufficient money has been collected into such fund for the payment of the warrants; and that the treasurer has diverted the funds to other purposes to the damage of the plaintiff in the amount of the face value of the warrants and interest. Demurrers to the complaint were sustained, and plaintiff has appealed.

It is urged as a reason for sustaining the demurrers that no loss is alleged to have accrued to plaintiff; that he has a cause of

action against the county upon each of the warrants, providing there is money in the treasury for their payment or sufficient time has elapsed to permit the collection of money by taxation. For all that appears upon this record, the liability of the county on the warrants continues, and, moreover, defendant Terpin does not stand in the relation of a debtor to the plaintiff. But this is an action for the wrong done and not to secure an adjustment of contract rights. The gist of plaintiff's complaint is that defendant as county treasurer omitted to perform an official duty, ministerial in character, enjoined upon him by law. Sections 6975 and 6976, Rev. Code 1919, read as follows:

"§ 6975. *Registry of Warrants.* Whenever any warrant shall be presented to any such treasurer for payment and there shall be no funds in the treasury appropriated for that purpose, the treasurer shall enter such warrant in his warrant register for payment, in the order of presentation; and upon each warrant so registered he shall indorse the registry number, date of registration and the words 'not paid for want of funds,' and sign such indorsement; provided, however, that nothing in this article shall be construed to require the holder of any warrant to register the same.

"§ 6976. *Payment of Registered Warrants, Notice.* All such registered warrants shall be paid in the order of their registration, and it shall be the duty of every such treasurer, as soon as money sufficient for the payment of such warrants is received to the credit of the particular fund upon which the same are drawn, to immediately notify, by mail, the persons in whose names the same are drawn or, if he shall receive written notice from some other person that he is the holder of any such warrant, then the treasurer shall notify such other person; and thereupon interest upon such warrants shall cease and the treasurer shall pay and cancel such warrants upon presentation thereof."

The holder of a registered warrant under these statutory provisions is entitled to payment in the order of its registration. State v. Campbell, 7 S. D. 568, 64 N. W. 1125; Western Surety Co. v. Mellette County, 63 S. D. 243, 257 N. W. 461. A county treasurer is a ministerial officer, and, in failing to pay the warrants when there was money available for their payment, defendant Turpin acted in a ministerial capacity. A public officer failing without legal excuse to perform a duty imposed upon him

is liable to any person to whom he owes the performance of the duty when his failure to perform is the approximate cause of the injury sustained and the duty is positive and ministerial; that is, when the act to be performed is in a prescribed manner without the exercise of judgment or discretion by the officer as to its propriety or the manner in which it is to be performed. State v. Ruth, 9 S. D. 84, 68 N. W. 189. Among the numerous authorities sustaining this principle are Amy v. Supervisors, 11 Wall. 136, 138, 20 L. Ed. 101; Raynsford v. Phelps, 43 Mich. 342, 5 N. W. 403, 38 Am. Rep. 189; Lick v. Madden, 36 Cal. 208, 95 Am. Dec. 175; State ex rel Wheeler v. Adams, 101 Mo. App. 468, 74 S. W. 497; Rising v. Dickinson, 18 N. D. 478, 121 N. W. 616, 23 L. R. A. (N. S.) 127, 138 Am. St. Rep. 779, 20 Ann. Cas. 484; Mechem, Public Offices and Officers, § 664; 22 R. C. L. 483. It was said by the court in Amy v. Supervisors, supra, in holding a municipal officer liable for failure to levy a tax to pay a judgment against the municipality: "The rule is well settled, that where the law requires absolutely a ministerial act to be done by a public officer, and he neglects or refuses to do such act, he may be compelled to respond in damages to the extent of the injury arising from his conduct. There is an unbroken current of authorities to this effect. A mistake as to his duty and honest intentions will not excuse the offender."

■ The law of this state under the sanction of a penalty in the sum of $300 required the payment of a warrant be made in the order of its registration. Section 1679, Comp. L.; section 2259, Rev. Pol. Code 1903. The Code Commission omitted this and the four preceding sections from the Revised Code of 1919. It is contended by counsel that the remedy upon the official bond for failure to pay warrants in order of their registration is a creature of statute, and that under existing provisions a county treasurer is not liable. The provisions referred to imposed a statutory penalty for neglect of duty without regard to the amount of a warrant which the treasurer failed to pay in the order of registration, and did not provide a remedy for damages. Whether the penalty was intended as an additional remedy is not now material. Where the law provides no penalty for failure or neglect in not complying with its requirements, individuals clearly are not deprived of a remedy against the officer for damages.

■ ■ In the instant case, there was a clear legal duty imposed on the defendant by a statute designed for the benefit of warrant holders. The duty was not discretionary in character, and the positive provisions of the statute to proceed in a particular manner implied a clear legal duty not to make payment of warrants in a different manner. This is not a case where the duty was owed merely to the public and the failure to perform did not give rise to a cause of action in favor of an individual. There was an absolute right in the plaintiff to have the particular duty performed. The complaint alleges a breach of duty by the treasurer within the terms of each of the bonds given as required by statute for the faithful performance of the duties of his office, entitling plaintiff at least to nominal damages. Section 2003, Rev. Code 1919; Wylly v. Grigsby, 11 S. D. 491, 78 N. W. 957. We express no opinion as to the measure of damages. A demurrer to a complaint which states a cause of action presents no question as to the extent of the recovery to be had or the rule that shall govern in measuring the damages.

The order appealed from is reversed.

POLLEY, CAMPBELL, and RUDOLPH, JJ., concur.

WARREN, J., concurs in the result.