Mr. C. Raymond Clark Acting Deputy Treasurer Department of the Treasury 140 State Capitol Denver, Colorado 80203
Dear Mr. Clark:
In your letter of August 5, 1977 and memorandum of August 11, 1977, you posed several questions regarding the operation of the State Treasury. Some of those questions were answered by Alan Friedman in his letter to you of October 13, 1977. In this letter I will respond to questions Nos. 4 and 5 in your memorandum of August 11, 1977.
QUESTIONS PRESENTED AND CONCLUSIONS
4. You have inquired concerning the authority and responsibilities of the state treasurer as agent and custodian of the State Compensation Insurance Fund (the "Compensation Fund") with regard to investing money in that fund.
 As custodian and agent of the Compensation Fund the role of treasurer with respect to investments is limited to executing the written orders of the Industrial Commission as to the amount to be invested, the price and the type of the investment. The treasurer is bound to obey the orders of the Industrial Commission with regard to the purchase or sale of any investment for the Compensation Fund. It is the Industrial Commission who are held to the standard of a fiduciary with regard to investment decisions.
5. You have also inquired with regard to the treasurer's duties, authority and responsibilities with respect to the Public Employees Retirement Fund (the "Retirement Fund").
 As you have stated, pursuant to C.R.S. 1973, 24-51-107(3) the treasurer is directed to purchase and hold investments for the benefit of the Retirement Fund.
ANALYSIS
Regarding question #4, the limited role of the treasurer is established by C.R.S. 1973, 8-54-122 which states, in relevant part, as follows:
 (1) From time to time the commission shall authorize and direct the state treasurer to invest any portion of the state compensation insurance fund, including its surplus and reserves or any portion of any other fund under its jurisdiction not needed for immediate use, in such amounts as it shall designate in writing . . . . In exercising its discretionary authority with respect to the acquisition or disposition of any investments, the commission shall be governed by the standard for investments prescribed in section 15-1-304, C.R.S. 1973. (2) . . . Upon discretion of the commission, the state treasurer shall sell or dispose of such portion of the investment of said funds at market price as may be directed.
A predecessor statute to C.R.S. 1973, 8-54-122 with substantially similar language was interpreted by the Colorado Supreme Court inStong v. Industrial Commission, 71 Colo. 133,204 P. 892 (1922). That case arose when the Industrial Commission directed the state treasurer to invest in United States bonds, but the treasurer disobeyed and invested instead in state warrants. The Colorado Supreme Court ruled that the Compensation Fund "is not the general property of the state and its custody is not part of the treasurer's constitutional duty but is conferred on him by statute only." The court in construing the statute stated:
 The language is plain and incapable of two constructions. Full control of the fund is given to the Commission; the custodian is authorized to do nothing with it except upon their order, and his investment of it is restricted . . . . Nothing is required of the treasurer by the statute but to obey the commission and invest as directed at the market price.
The treasurer may be liable for any loss to the Compensation Fund resulting from his failure to follow the orders of the Commission. Industrial Commission v. Stong,77 Colo. 590, 239 P. 12 (1925).
Regarding question #5, C.R.S. 1973, 24-51-107(3) must be read in its entirety:
 (3) The state treasurer shall purchase and acquire and hold for the benefit of the retirement fund such investments in such amounts as may from time to time be directed by the board in writing. Any such investments shall be disposed of by the state treasurer only upon the written direction of the board when it determines such disposition to be necessary to provide money for payment of refunds or annuities or in order to reinvest the proceeds of such disposition in other investments determined by the board to be in the best interests of the retirement fund.
C.R.S. 1973, 24-51-107(1) expressly delegates to the retirement board "full and unrestricted discretionary power and authority to invest and reinvest such portions of the fund as in its judgment may not be immediately required for the payment of refunds or annuities." C.R.S. 1973, 24-51-106(2) provides that the treasurer is to be custodian of the retirement fund as well as ex officio treasurer of the public employees' retirement association.
The relevant statutes establish that the responsibilities of the treasurer with respect to the Retirement Fund are virtually identical to his responsibilities with respect to the Compensation Fund. Although the Stong case cited above involved only the Compensation Fund, the principles established in that case apply equally to other custodial funds established by statute, including the Retirement Fund.
SUMMARY
It is my opinion that the treasurer has neither the authority nor the responsibility to require proof that the best available deal was negotiated for the state. The treasurer does have responsibility to determine that the investment ordered by the Industrial Commission falls within the investments authorized by C.R.S. 1973, 8-54-122 and is purchased at the market price.
C.R.S. 1973, 8-77-101 does not apply to the duties of the treasurer as custodian and agent of the Compensation Fund. C.R.S. 1973, 8-54-123 does require the treasurer to give a bond conditioned on the faithful performance of his duties as custodian of the Compensation Fund. However, for the reasons set out above the treasurer's duties in this regard do not extend to making investment decisions.
FOR THE ATTORNEY GENERAL
 Richard H. Forman Assistant Attorney General General Legal Services Section
 SINCE ITS ISSUANCE THIS OPINION LETTER WAS ADOPTED AS A FORMAL OPINION OF THE ATTORNEY GENERAL BY ATTORNEY GENERAL J.D. MacFARLANE
TREASURER, STATE PUBLIC FUNDS RETIREMENT SYSTEMS
C.R.S. 1973, 8-54-122 C.R.S. 1973, 8-77-101
C.R.S. 1973, 24-51-107(3) C.R.S. 1973, 24-51-106(2)
TREASURY, DEPT. OF All Other Areas LABOR EMPLOYMENT DEPT. Industrial Commission PERA PENSION PLANS
Under prior statutes treasurer was given no discretion to choose investments for the State Compensation Insurance Fund or the Public Employees Retirement Fund, only to execute investment decisions as directed.