F. C. Rising and Edward Isaacs v. George Dickinson.

Opinion filed May 1, 1909.

**Officers — Register of Deeds — Failure to Keep Numerical Index — Negligence.**

1. Under section 2452, 2453, Rev. Codes 1905, it is made the duty of the register of deeds of each county to keep a numerical index in his office in which shall be noted, opposite the description of each tract, the volume and page of each mortgage or other instrument affecting the title thereto. *Held,* that defendant's failure for over two months after a mortgage was duly recorded to note the same in such numerical index is negligence per se, rendering him liable to one who, in reliance on such index, purchases the property and sustains damage as the necessary and proximate result of such official neglect.

**Same — Contributory Negligence.**

2. It is essential to a recovery for such negligence that plaintiff be free from contributory negligence, but it was not contributory negligence on plaintiff's part in failing to examine the grantor and grantee index wherein such mortgage was noted.

**Ministerial Officers —Common Law Liability.**

3. The register of deeds is a ministerial officer, and as such is liable at common law, in the absence of an express statute, to an action for damages caused by his failure or neglect to perform the duties of his office, or for their negligent or illegal performance.

**Register of Deeds — Action — Sufficiency of Evidence.**

4. The action was tried on the theory, and it is, in effect, conceded that it was essential to a recovery, however, that plaintiff should prove that one S., the mortgagor, and the person from whom he purchased the premises, and who gave him a warranty deed containing a covenant against incumbrances, was insolvent, and hence unable to pay the mortgage indebtedness or to respond in damages for the breach of her covenant. Evidence examined, and *held* insufficient, for reasons stated in the opinion, to establish such fact.

Appeal from District Court, Benson county; *Jno. F. Cowan,* J.

Action by F. C. Rising and another against George Dickinson. From a judgment for plaintiff Rising and an order denying a new trial, defendant appeals.

Reversed.

*Lindstrom & Sinnes* and *Burke & Middaugh,* for appellant.

*McClory & Barnett,* for respondent.

Fisk, J. Plaintiff Rising recovered a judgment in the court below against defendant for damages for the alleged negligence of the latter, who was register of deeds of Benson county, in failing and neglecting to note in the numerical index a certain mortgage filed and recorded in his office on September 20, 1901.

The facts necessary to a correct understanding of the law points involved are as follows: On September 20, 1901, one Julia Solvey; who was the owner of the real property described in the complaint, gave a mortgage thereon on the Advance Thresher Company. Such mortgage, as above stated, was filed in defendant's office on September 20th, and recorded in Book 18 of Mortgages at page 445, and thereafter entered in the grantor and grantee's index of mortgages, but the same was not noted on the numerical index of mortgages until after December 5th following. On the latter date plaintiff Rising purchased the premises covered by such mortgage from Julia Solvey, taking from her a warranty deed of the premises with the usual covenant warranting the same to be free from all incumbrances, except a mortgage for $400 and one for $60 in favor of other parties. The proof shows that prior to such purchase the plaintiff Rising examined the reception book required to be kept by defendant as such register of deeds, covering entries for the period of about two months immediately prior thereto, and also the numerical index and failed to find the mortgage to the Advance Thresher Company in either of such records, and he claims to have made such purchase without any notice of any kind of the existence of such last-named mortgage. Subsequently, and prior to the commencement of this action, the holder of the Advance Thresher Co. mortgage foreclosed the same by action which resulted in a judgment decreeing that there was due thereon the sum of $492.30, and directing a sale of the premises to satisfy such sum. Plaintiff Rising appeared as an intervenor in such foreclosure proceedings, but, failing in his defense, he thereafter was required to and did pay to protect his title the sum aforesaid, which is one of the items of damage claimed to have been suffered by him by reason of defendant's said negligence. At the conclusion of the trial both parties moved for a directed verdict, whereupon the learned trial court excused the jury, and thereafter findings of fact and conclusions of law were made and judgment ordered in favor of the plaintiff F. C. Rising and against the defendant for $492.30, with interest, together with the costs and disbursements of the action.

A motion for a new trial was thereafter made and denied, and this appeal is both from the judgment and order aforesaid.

Among other things, appellant contends, in effect, that plaintiff was himself guilty of contributory negligence barring a recovery, because he neglected to make a proper and diligent search of the records, and that, if he had done so, he would have discovered the Advance Thresher Company mortgage. It is a conceded fact that this mortgage was duly noted both in the reception book and the grantor and grantee index, and that the same was recorded in mortgage book 18 on page 445, but was not noted in the numerical index, and that plaintiff Rising merely examined the reception book and the latter index. It is no doubt true that plaintiff by searching a little farther back in the reception book, or by examining the grantor and grantee index, would have discovered such mortgage, but we think he was not bound at his peril to do so,

The law required defendant to keep a numerical or tract index in which should be noted opposite the description of each tract the volume and page where each mortgage or other instrument affecting the same is recorded, and plaintiff had a right to assume that defendant had performed his duty in this regard. While it is true that such notation could not be made until after the instrument was recorded, or rather until its recordation is commenced, for the reason, as contended by appellant's counsel, that the officer until such time does not know the page upon which the record commences, still the undisputed evidence discloses that this mortgage was actually recorded over two months prior to the date plaintiff made the examination aforesaid, and we think it must be held as a matter of law that defendant was negligent in failing to note such instrument upon the numerical index within such time after the same was recorded. Wisconsin has a statute very similar to the statute of this state regarding the records including indexes to be kept by the register of deeds, and the case of Johnson v. Brice, 102 Wis. 575, 78 N. W. 1086, we think fully sustains us in these views. In that case the plaintiff relied solely upon the tract index, and it was there expressly held that plaintiff had a right to rely on such index, and his recovery was sustained upon the theory of defendant's negligence in failing to note a certain mortgage in such index. We think the statute requiring such numerical index to be kept clearly contemplates that immediately, or at least within a reasonable time after each instrument is recorded, it shall be noted on such index. The performance

of such duty requires but a brief period of time, and we are agreed that, under the facts in the case at bar, defendant was unquestionably guilty of actionable negligence per se in failing to note this mortgage upon said index prior to December 5, 1901.

Appellants's counsel call attention to the fact that in the Wisconsin case above cited the action was based upon an express statute fixing liability; but it is clear that, in the absence of such a statute, there is a common-law liability on defendant's part to respond in damages to any person who has been injured as the proximate result of his negligent performance of official duty. The register of deeds is a ministerial officer, and as such is answerable in damages for non-feasance, misfeasance, or malfeasance. As stated in 23 Am. & Eng. Enc. of Law (2d. Ed.) 377: "* * * He is liable in a civil action for the failure or refusal to perform the duties of his office, or for their negligent or illegal performance." See, also, the numerous cases cited therein. To the same effect, see Throop on Pub. Officers, § 743; also, State v. Ruth, 9 S. D. 84, 68 N. W. 189, wherein it was held that "an officer who, without legal excuse, fails to perform a ministerial duty, is liable for the proximate results of his failure to any person to whom he owes performance of such duty." That such is the law seems to us too plain for serious debate, and we pass this point without further comment.

This brings us to a consideration of appellant's exceptions to certain findings of the trial court. It is asserted that finding No. 8, in so far as it finds that plaintiff Rising relied upon the numerical index, has no support in the evidence, and that finding No. 14, to the effect that Julia Solvey, the mortgagor and plaintiff's grantor, was insolvent, is likewise without support in the evidence. The case was tried upon the theory, and it is, in effect, conceded, that if either of these contentions are correct, reversal must follow as both of such findings are essential to plaintiff's recovery. If plaintiff did not rely in purchasing said property upon the numerical index, or if he was not damaged in the eye of the law because of the fact that Julia Solvey was solvent and able to respond in damages for the breach of the covenant in her deed against incumbrances other than those mentioned, or financially able to pay the note secured by such mortgage, then plaintiff has no cause of action against defendant, at least for anything other than nominal damages. We have examined the record carefully, and failed to find any evidence to the effect that plaintiff in purchasing this land relied wholly upon the

numerical index with reference to existing incumbrances. It is true plaintiff testified that, before purchasing the land, he examined the numerical index, and also the reception book, and failed to find said mortgage noted upon either, and that he had no knowledge of the existence of such mortgage. For all that appears from the record plaintiff may have relied as much or more upon the covenant in his grantor's deed as upon the numerical index in question. Conceding, however, that the evidence upon this issue was sufficient to go to the jury, and hence the finding of the court will not be disturbed we are entirely clear that the evidence is wholly insufficient to sustain the finding that Julia Solvey was insolvent. The only testimony upon this point is that of the witness Stewart, who testified: "I am acquainted with Julia Solvey. I have known her ever since I have been in the county, till she left. She has gone to Canada. She is not a resident of this county or state at the present time, and has no property here. I have been acquainted for some time with her business affairs, and have had collections against her. I think I returned them to the M. M. Osborne Company. I was not able to collect anything on them. From my knowledge as to the state of her financial affairs and these collections I would state that Julia Solvey is at this time insolvent." The above testimony was given at the trial which commenced on November 22, 1906, whereas the transaction out of which plaintiff's cause of action arises took place in the early part of December, 1901, nearly five years prior thereto. How, then, can it be argued that the foregoing testimony in any manner tends to prove that Julia Solvey in December, 1901, and for a long time thereafter, was not perfectly solvent? But such testimony is wholly insufficient to prove her insolvency for another reason. It purports to give the mere opinion and conclusion of the witness without stating any facts as a basis therefor, and hence is entitled to no probative weight. The fact that the witness had collections against her and in favor of the M. M. Osborne Company which he was unable to collect tends to prove nothing. She may have declined payment of the same for perfectly valid reasons. He does not swear that these claims were reduced to judgment and execution was issued and returned unsatisfied, nor does he state what knowledge, if any, he had relative to the assets and liabilities of Julia Solvey. For all that his testimony discloses, she may not have owed a dollar to any one, and she may have owned property worth millions of dollars. Moreover, the testi-

mony of this witness fails to state when Julia Solvey went to Canada or when she ceased to own property in Benson county or in North Dakota. It may be from anything that appears in his testimony that she continued to reside and to own property here for several years after the plaintiff purchased said property, and after he acquired knowledge of the existence of such mortgage. As before stated, and for the reasons above stated, we are convinced that plaintiff signally failed to establish the fact of Julia Solvey's financial inability to respond in damages to plaintiff for the breach of her covenant aforesaid, and proof of such fact was essential to plaintiff's recovery. As to the proper method of proving insolvency, see Abb. Tr. Ev. (2d Ed.) 777-779.

Entertaining these views, it follows that the judgment and order appealed from must be reversed, and it is so ordered.

All concur, except MORGAN, C. J. not participating.