FARMERS BANK OF GARRISON, a Corporation, Appellant, v. GOTTLOB O. RAUGUST and Title Guaranty & Surety Company, a Corporation, Respondents.

(173 N. W. 793.)

**Limitations of actions — actions against officer for negligence.**

1. Where a clerk of court made an entry upon his record showing that a judgment against two certain persons was satisfied when in fact the satisfaction was partial and satisfied the judgment only as to one of the parties, and one of said parties thereafter executes a mortgage upon certain land which he owned, which mortgage was filed and recorded while the entry of the clerk as to the judgment remained as above stated, it is *held* that such mortgage is impaired at the time of its filing and recording; that an action against the clerk and his surety for the negligent entry and the damages alleged to have been sustained thereby, not having been commenced until more than six years after the time of the impairment of such mortgage, is barred by the Statute of Limitations.

**Officers — recovery against.**

2. It is further *held* that the owner of said mortgage, who afterwards became owner of the land by foreclosure of said mortgage and the issuing to him of a sheriff's deed, was not damaged, for the reason that the testimony shows the value of the land to have been about $3,600, which was more than the aggregate of all the liens against said lands which are established by competent testimony.

Opinion filed July 8, 1919.

Appeal from the District Court of McLean County, *W. L. Nuessle,* J.

Affirmed.

*H. F. O'Hare* and *Newlon, Dullam, & Young,* for appellant.

"Where the cause of action is based on consequential as distinguished from direct damages, and involves an act or omission which might have proved harmless, the cause of action must be taken as accruing only upon the actual occurrence of the damage, so that the statute runs only from that time."

In support of this are cited:—19 Am. & Eng. Enc. Law, 200; Wabash County v. Pearson, 120 Ind. 426, 16 Am. St. Rep. 325, 22 N. E. 134; Hotard v. Texas, etc. R. Co. 36 La. Ann. 450; Ludlow v. Hudson R. Co. 6 Lans. 128; Sterrett v. Northport Min. etc. Co. 30 Wash. 176; Allen v. Stephens, 102 Ga. 596, 20 S. E. 443; Hempstead v. Cargill, 46 Minn. 118, 48 N. W. 558.

Where the sheriff had released attached property without authority from the plaintiffs in the attachment proceedings it was held that the cause of action against him did not accrue at the time of the unauthorized release but at the time judgment was rendered in the attachment suit. Lesem v. Neal, 53 Mo. 412; Steele v. Bryant, 47 Iowa, 116; Aachen & M. F. Ins. Co. v. Morton, 15 L.R.A.(N.S.) 157, 165, 84 C. C. A. 336.

*H. C. Bradley* and *J. A. Hyland,* for respondents.

"If the plaintiff ever suffered damages giving rise to a cause of action against defendants, such cause of action accrues immediately upon the taking of the mortgage on September 12, 1910."

In 25 Cyc. at page 1065, the rule is stated as follows: "The Statute of Limitations begins to run from the time when a complete cause of action accrues, that is, when a suit may be maintained. Latin v. Gillette, 95 Cal. 317, 30 Pac. 545, 29 Am. St. Rep. 115; Tynan v. Walker, 35 Cal. 634, 95 Am. Dec. 152; Bennett v. Herring, 1 Fla. 387; Shelbourne v. Robinson, 8 Ill. 597; Parks v. Satterthwaite, 123 Ind. 411, 32 N. E. 82; Raymond v. Simonson, 4 Blackf. 77; Dobyns v. Schoolfield, 10 B. Mon. 311; Banks v. Coyle, 2 A. K. Marsh. 564; Hardee v. Dunn, 13 La. Ann. 161; Brown v. Houdlette, 10 Me. 399; Young v. Mackall, 3 Md. Ch. 298; Ganser v. Ganser, 83 Minn. 199, 85 Am. St. Rep. 461, 86 N. W. 18; Johnson v. Pyles, 11 Smedes & M.

189; Gray v. Givens, 26 Mo. 291; Fenner v. Kime, 5 Neb. (Unof.) 548, 99 N. W. 483; Odlin v. Greenleaf, 3 N. H. 270; French v. Higgins, 66 N. J. L. 579, 50 Atl. 344; Larson v. Lambert, 12 N. J. L. 247; Eller v. Church, 121 N. C. 269, 28 S. E. 364; Hamilton v. Hamilton, 18 Pa. 20, 55 Am. Dec. 585; Hall v. Vandegrift, 3 Binn. 374; Jones v. Conoway, 4 Yeates, 109; Hoskins v. Lindsay, 1 Del. Co. 29; Smith v. Blythewood, Rice, 245, 33 Am. Dec. 111; Mayfield v. Seawell, Cooke, 437; Martin v. Martin, 108 Wis. 284, 81 Am. St. Rep. 895, 84 N. W. 439; Coburn v. Coledge [1897] 1 Q. B. 702, 66 L. J. Q. B. N. S. 462, 76 L. T. N. S. 608, 45 Week. Rep. 488. See 33 Century Dig. title Limitation of Actions, 217."

The rule is further considered on page 1066, vol. 25 Cyc.: "The accrual of the cause of action means the right to institute and maintain a suit; and whenever one person may sue another, a cause of action has accrued and the statute begins to run." Larson v. Lambert, 12 N. J. L. 27; Jett v. Hempstead, 25 Ark. 462; Everett v. O'Leary, 90 Minn. 154, 95 N. W. 901; Landis v. Saxton, 105 Mo. 486, 24 Am. St. Rep. 403, 16 S. W. 912; Larason v. Lambert, 12 N. J. L. 247. The Statute of Limitations begins to run against a cause as soon as plaintiff, being then under no disability, is at liberty to sue. Eller v. Church, 121 N. C. 269, 28 S. E. 364 (followed in Dunn v. Dunn, 137 N. C. 533, 50 S. E. 212); Smith v. Blythewood, Rice, 245, 33 Am. Dec. 111. See Buntin v. Chicago, etc. R. Co. 41 Fed. 747.

The right to commence an action exists the moment the cause of action accrues, and the cause of action cannot be said to have accrued until the right to bring an action exists. Weiser v. McDowell, 93 Iowa, 772, 61 N. W. 1094. And see Ware v. State, 74 Ind. 181; Miller v. Perris Irr. Dist. 85 Fed. 693; Angell, Lim. 42.

The running of the statute is not delayed until plaintiff can get sufficient evidence to maintain his action. 25 Cyc. 1065 and 1066, and cases cited. Comp. Laws 1913, § 7375; Robinson v. Russell, 24 Cal. 472; Van Pelt v. McGraw, 4 N. Y. 110; Yates v. Joice, 11 Johns. 136; Lane v. Hitchcock, 14 Johns. 213, and Gardner v. Heartt, 3 Denio, 234.

The supreme court of the state of Massachusetts in the case of McKay v. Coolidge, 218 Mass. 65, 105 N. E. 455, Ann. Cas. 1916A, 883, lays down the rule. See also s.c. 52 L.R.A.(N.S.) 701, and

note. The breach of duty of a public officer which directly affects the rights of a private individual gives rise at once to a right of action, even though the entire extent of the injury may not be discovered until later. Snedicor v. Davis, 17 Ala. 472; Shackleford v. Staton, 117 N. C. 73, 23 S. E. 101; Betts v. Norris, 21 Me. 314, 38 Am. Dec. 264; Hall v. Tomlinson, 5 Vt. 228; Lambert v. McKenzie, 135 Cal. 100, 67 Pac. 6; Rosborough v. Albright, 4 Rich. L. 39; Owen v. Western Sav. Fund, 97 Pa. 47, 39 Am. Rep. 794; Daniel v. Gizzard, 117 N. C. 105, 4 L.R.A.(N.S.) 485, 23 S. E. 95; Kearns v. Schoonmaker, 4 Ohio, 331, 22 Am. Dec. 757; Utica Bank v. Childs, 6 Cow. 238; Bartlett v. Bullene, 23 Kan. 606; Jones v. Bain, 12 U. C. Q. B. 550; Lightner Min. Co. v. Lane, 161 Cal. 696, 120 Pac. 771, Ann. Cas. 1913C, 1093.

A recorder is not liable for more than nominal damages for a mistaken recording, unless plaintiff proves that he cannot collect the full amount from the party actually liable. State v. Davis, 117 Ind. 307; Strain v. Babb, 30 S. C. 341; Wacek v. Funk, 51 Minn. 282; Rising v. Dickinson, 18 N. D. 478.

Grace, J. Appeal from the district court of McLean county, W. L. Nuessle, Judge.

The defendant Raugust was the duly qualified clerk of court of the county of McLean for the term of two years, his term beginning on the first Monday of January, 1907. He gave a bond which was duly signed by the Title Guaranty & Surety Company and surety in the sum of $10,000. The Citizens' State Bank of Garrison recovered judgment in the district court of McLean county against John D. Meyers and John McCutcheon in the sum of $224.15. The judgment was docketed in the office of the clerk of the district court of McLean county on the 4th day of May, 1907. In the month of September, 1908, that judgment was satisfied as to John McCutcheon. The defendant Raugust received the partial satisfaction, and made the following entry upon the record: "September 18, 1908, satisfied." The record thus showed the judgment satisfied as to both Meyers and McCutcheon. The entry thus erroneously made remained unchanged until January, 1911, when the following words were added thereto: "As to John McCutcheon." At the time said judgment was entered

and docketed and thereafter until the 12th day of September, 1910, Meyers was the owner in fee of the N. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of sec. 24 and the S. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of sec. 13, T. 148, R. 87. On the 12th day of September, 1910, John D. Meyers and Hulda J. Meyers executed and delivered to the plaintiff in this action the mortgage of $1,292. 30, which was filed for record and duly recorded in the office of register of deeds of McLean county on the 24th day of September, 1910.

At the time the plaintiff recorded said mortgage, the judgment, which appeared by the records of the clerk of court to be satisfied as to both Meyers and McCutcheon, was not in fact satisfied as to Meyers, and was a prior lien upon the land in question to that of the mortgage to this plaintiff. The mortgage was not paid and was foreclosed, and a sheriff's deed issued to the plaintiff, who has since been the owner of the premises. The Citizens State Bank of Garrison claimed a lien upon the premises by reason of said judgment, and in an action instituted against that bank by this plaintiff that judgment was decreed to be a prior lien to the mortgage, and this plaintiff paid to the Citizens State Bank the full amount of the judgment, interests, and costs, in all $378.36.

Proper issues having been duly formed, the case was tried to the court. It rendered its judgment for the dismissal of the action and granted the defendant costs. The trial court dismissed the action for the reason that the cause of action set forth in the complaint did not accrue within six years before commencement of this action and thus was barred by the Statute of Limitations of this state.

Whether the cause of action was actually barred by the Statute of Limitations is the principal question in this case. If the cause of action arose at the time of the impairment of plaintiff's mortgage at the time it was filed and recorded, then it is barred by the Statute of Limitations. If the cause of action arose at the time when plaintiff claims he actually suffered the damages in consequence of the negligent act of Raugust, the clerk of court, then the cause of action is not barred.

We are satisfied plaintiff's cause of action arose at the time of the impairment of its mortgage. At the time the mortgage was filed and recorded, it at that time had the right to determine priority beween

the mortgage and the judgment. The judgment had long theretofore been duly obtained and docketed. It was a valid and subsisting lien against the land in question at the time the mortgage was recorded. It was thus a prior lien to the mortgage. It is self-evident that the mortgage was impaired at the moment of its record. At that point of time the plaintiff could have commenced an action to determine the right of priority as between its mortgage and the judgment. It never did commence this action until more than six years after this mortgage became thus impaired. It is thus clear that the plaintiff's cause of action is barred by the Statute of Limitations. It is also established by the testimony that the land in question was worth about $3,600. It is thus of sufficient value to have fully paid all the liens which were against said land of which there is any competent evidence. It would thus appear that the plaintiff had suffered no damage.

It is unnecessary to enter further discussion of the matters involved in this case. We are quite confident the judgment of the trial court was right, and it should be affirmed. It is affirmed. The respondent is entitled to statutory costs on appeal.

CHRISTIANSON, Ch. J. (concurring specially). I concur in an affirmance of the judgment in this case for the reason that plaintiff has shown no damages under the rule announced in Rising v. Dickinson, 18 N. D. 478, 23 L.R.A. (N.S.) 127, 138 Am. St. Rep. 779, 121 N. W. 616, 20 Ann. Cas. 484.

I am also of the opinion that plaintiff's alleged cause of action is barred by the Statute of Limitations. I agree with my associates that so far as plaintiff is concerned its cause of action accrued at the time its mortgage became impaired; but I am not wholly satisfied that plaintiff had a six-year period thereafter in which to bring suit. Many of the authorities hold that the Statute of Limitations begins to run at the time of the wrongful act. See McKay v. Coolidge, 218 Mass. 65, 105 N. E. 455, Ann. Cas. 1916A, 883, and extended note to this decision as reported in 52 L.R.A. (N.S.) 701, 711. Other authorities hold that the Statute of Limitations begins to run at the time of the consequential injury. See note in 52 L.R.A. (N.S.) 701, 711.

Under either theory plaintiff's action is barred.