Alice M. BRAKKE, Plaintiff and Appellant,

v.

Deanna KENSRUD and Cass County, North Dakota, Defendants and Appellees.

Civ. No. 910396CA.

Court of Appeals of North Dakota.

Sept. 22, 1992.

Alan J. Sheppard (argued), Fargo, for plaintiff and appellant.

Robert G. Hoy (argued), West Fargo, for defendants and appellees.

PER CURIAM.

Alice M. Brakke appeals from a district court judgment[1] dismissing her damage action against Cass County and its register of deeds, Deanna Kensrud. We affirm.

On February 14, 1985, Alice went to the office of the register of deeds, presented two documents each entitled "Deed," asked that they be recorded, and paid and was given a receipt for the recording fees. According to Alice, she was assured by a clerk that the deeds would be recorded and that she would receive them in the mail "in a couple of days." Alice claims that "at no time did the register of deeds elude to any problem with the deeds themselves...." The deeds were not recorded until February 26, 1985.

According to the clerk in the register of deeds office, after Alice left she reviewed the documents and noticed that they "were completely different than what I was accustomed to seeing and the language within the documents was very confusing." She consulted the first deputy register of deeds, who noticed that the documents did not include a statement of full consideration. The first deputy then gave the deeds to Kensrud, and she asked the state's attorney for an opinion on their eligibility for recordation. The state's attorney determined that they could be recorded if a statement of full consideration was placed on both documents. Alice, when informed of the requirement, instructed the office to hold the documents until she could come and complete them. Alice came to the office on February 26, 1985, and signed the statements. The documents were then taken to the auditor's office where a certificate of transfer was executed. The documents were returned to the office of the register of deeds and recorded on the same day.

The deeds purportedly conveyed the interest of Chester A. Brakke, Alice's husband, in certain real property to Alice. According to Alice, a judgment was entered against Chester on February 21, 1985, which resulted in the loss of the property.

Alice sued Kensrud and Cass County, alleging breach of contract, fraud and deceit, and negligence. The trial court granted the defendants' motion to dismiss the breach of contract and fraud and deceit counts of the complaint. That ruling is not challenged in this appeal. The trial court subsequently granted the defendants' motion for summary judgment dismissing the negligence count. Alice asserts that summary judgment was improperly granted against her.

Summary judgment is proper when, after viewing the evidence in the light most favorable to the opposing party and giving that party the benefit of all favorable inferences, there is no genuine dispute as to either the material facts or the inferences to be drawn from undisput-

1. Although Alice appealed from the district court's memorandum opinion and order, we treat the appeal as from the subsequently entered consistent judgment. *E.g., Perman v. Workers Compensation Bureau,* 458 N.W.2d 484, 485 n. 1 (N.D.1990).

ed facts. *Volk v. Wisconsin Mortgage Assurance Co.*, 474 N.W.2d 40, 43 (N.D.1991). Even if factual disputes exist, summary judgment is appropriate when resolution of those factual disputes would not change the result. *Rott v. Connecticut General Life Ins. Co.*, 478 N.W.2d 570, 573 (N.D. 1991). Resolution of any factual disputes in this case would not change the result.

On the summary judgment motion, Alice argued to the trial court that the register of deeds should have rejected the documents on February 14, 1985, for failing to meet the statutory recordation requirements. Alternatively, Alice argued that the register of deeds should have recorded the documents on February 14 after accepting them and receiving the recording fees because they met the statutory recordation requirements. The failure to do either, according to Alice, constitutes negligence for which Kensrud and Cass County are liable under § 32–12.1–04, N.D.C.C. *See also Rising v. Dickinson*, 18 N.D. 478, 121 N.W. 616 (1909).

In support of her argument that the register of deeds should have rejected the documents, Alice relied on § 11–18–02, N.D.C.C., which provides in pertinent part:

> "[T]he register of deeds shall refuse to *receive* or record any deed ... unless there is entered thereon a certificate of the county auditor showing that a transfer of the lands described therein has been entered and that the delinquent taxes and special assessments or installments of special assessments against the land described in such instrument have been paid...." [Emphasis added.]

Because Alice's deeds did not contain the auditor's certification, Alice contends that the register of deeds was negligent in "re-

ceiving" them when first presented on February 14, 1985.

Kensrud responded by affidavit that after documents are presented to her office, they are reviewed "to determine if they appear to meet the statutory recording requirements and if we have been given the proper fee. If they appear to meet the recording requirements, we take the deeds ... and deliver them to the County Auditor's office for a certificate of the County Auditor showing that a transfer has been entered and that the taxes have been paid."[2] According to Kensrud, it is not until the document is certified and returned from the auditor's office and then entered into the register of deed's reception book that it is considered "received" within the meaning of § 11–18–02, N.D.C.C.

■ The trial court ruled that "the term 'receive' is a term of art relating specifically to the procedures followed by Registers of Deeds" and that the word "means entry into the reception book of those documents determined to meet all recording prerequisites imposed by law." The court concluded that Alice's documents were therefore not "received" within the meaning of § 11–18–02 until they were entered into the reception book on February 26, 1985. We agree with the trial court's analysis.

■ Although the ordinary and usual meaning of the word "receive" is that "something has been physically delivered or placed in the hands of the recipient," the word "is, like many other words in our language, a relative term, and its meaning or signification may differ according to the circumstances and connection in which it is employed." *Williams Electric Coop. v. Montana–Dakota Util. Co.*, 79 N.W.2d 508, 520 (N.D.1956). Courts will give weight to the practical and contemporaneous construction placed upon a statute by officers charged with its administration.

---

**2.** The record reflects that "it is the prevailing custom and practice of those professionals handling real estate transactions to forward deeds directly to the Register of Deeds office in otherwise recordable condition with the implicit understanding that office will forward the deeds to the County Auditor for the necessary certifi-

cation. It is commonly understood that deeds or other documents improper in form or execution, or those which do not receive the Auditor's certification of transfer, will not be recorded by the Register of Deeds unless and until all statutory prerequisites have been met."

*Johnson v. Wells County Water Resource Bd.*, 410 N.W.2d 525, 529 (N.D.1987). The practical and reasonable construction of the statute urged by the register of deeds is entitled to weight in this case.

Section 11–18–10, N.D.C.C., charges the register of deeds with a statutory duty to maintain "The Reception Book." Section 11–18–11, N.D.C.C., further provides that when an instrument "is numbered and entered in the reception book and indexed, it shall be recorded or filed as provided by law." These statutes support the proposition that all recording prerequisites imposed by law must be met before an instrument is entered in the reception book. If Alice's contention were carried to its logical extreme, and "receive" merely meant physical delivery, the register of deeds would technically violate § 11–18–02 whenever the office accepted through the mail and possessed documents subsequently determined to be unrecordable for failure to have the auditor's certificate. Statutes must be construed to avoid ludicrous and absurd results. *E.g., State v. Sorensen*, 482 N.W.2d 596, 598 (N.D.1992). We conclude that the trial court correctly construed the meaning of the term "receive" in § 11–18–02, and that Alice's deeds were not received within the meaning of the statute until February 26, 1985.[3]

In support of her argument that the deeds should have been recorded on February 14, 1985, Alice alternatively asserts that the deeds met the statutory recording requirements on that date because the deeds, on their face, contained statements of full consideration in compliance with § 11–18–02.2, N.D.C.C. We disagree.

Section 11–18–02.2, N.D.C.C., provides in pertinent part:

"1. Any grantee or his authorized agent who presents a deed in the office of the county register of deeds shall certify on the face of the deed any one of the following:

\*   \*   \*   \*   \*   \*

"c. A statement of the full consideration paid for the property conveyed.
"d. A statement designating one of the exemptions in subsection 6 which the grantee believes applies to the transaction.

"2. The register of deeds shall not record any deed unless it contains one of the statements required by subsection 1."

The stamped certifications signed by Alice and dated February 26, 1985, state that she was exempt from the requirement of a statement of full consideration under § 11–18–02.2(6)(c), N.D.C.C., which exempts "[a] sale where the grantor and the grantee are of the same family...."

■ When first presented on February 14, each deed merely stated that "[t]here is no consideration of $1.00, lawful money of the United States of America needed for the purpose of this instrument to be paid to the Grantors in hand...." We believe that, as a matter of law, this ambiguous language does not constitute a certification on the face of the deeds of a statement of the full consideration paid for the property conveyed as required by § 11–18–02.2(1)(c), N.D.C.C. Moreover, there is no indication on the face of the deeds that the transaction was between family members. We therefore reject Alice's argument that her deeds complied with § 11–18–02.2 when

---

**3.** On the motion for summary judgment, Alice did not argue, and we therefore do not consider, whether, under § 11–18–09, N.D.C.C., a document number was required to be stamped on Alice's "deeds" when they were initially presented to the register of deeds and, under § 11–18–10, N.D.C.C., "[i]mmediately" entered in the reception book along with the date of filing, for purposes of relating back when the "deeds" were finally recorded. *See* § 47–19–08, N.D.C.C. ["An instrument is deemed to be recorded when, whether entitled to record or not, it is deposited with the proper officer for record, if such instrument is subsequently recorded."] It is unclear from this record whether document numbers were stamped on the deeds on February 14 or on February 26, 1985.

presented to the office of the register of deeds. We conclude that the register of deeds did not err in refusing to record the deeds until the statute was complied with.

It is unnecessary to address the other issues raised. The judgment is affirmed.

DOUGLAS B. HEEN, Surrogate Judge, and KIRK SMITH and DONALD L. JORGENSEN, District Judges, concur.