Alice M. BRAKKE, Plaintiff
and Appellant,

v.

Deanna KENSRUD and Cass County,
North Dakota, Defendants and
Appellees.

Civ. No. 930288CA.

Court of Appeals of North Dakota.

April 12, 1994.

Order Denying Rehearing May 20, 1994.

Alice M. Brakke, pro se.

Robert G. Hoy (argued), of Ohnstad Twichell, West Fargo, for defendants and appellees.

KIRK SMITH, District Judge.

Alice M. Brakke appealed from a district court order denying her motion to vacate a previously entered judgment. We conclude that the denial of the motion did not constitute an abuse of the trial court's discretion, and we affirm the district court order.

Brakke sued Cass County and its register of deeds, Deanna Kensrud, for damages, alleging breach of contract, fraud, deceit, and negligence. The trial court entered a summary judgment dismissing the action and Brakke appealed. The case was assigned to this court by the North Dakota Supreme Court, and in a per curiam opinion filed September 22, 1992, the summary judgment dismissing Brakke's action was affirmed, 489 N.W.2d 594. Brakke's petition to the Court of Appeals for rehearing was denied. Brakke petitioned for review by the North Dakota Supreme Court, and that request was also denied.

Brakke subsequently filed a Rule 60(b)(vi), N.D.R.Civ.P., motion with the district court requesting it to vacate the summary judgment dismissal. The district court entered an order denying the motion to vacate and Brakke filed this appeal.

Rule 60(b)(vi), N.D.R.Civ.P., gives the trial court discretion to set aside a final

judgment for "any other reason justifying relief from the operation of the judgment." A motion under this subdivision is left to the sound discretion of the trial court and a denial of the motion will not be disturbed on appeal unless the court has abused its discretion. *First National Bank of Crosby v. Bjorgen,* 389 N.W.2d 789 (N.D.1986).

The facts underlying Brakke's original action for damages against Cass County and its register of deeds are set forth in *Brakke v. Kensrud,* 489 N.W.2d 594 (N.D.Ct. App.1992), and is not necessary to reiterate those facts here. Brakke's argument for vacating the original judgment of dismissal is that the Court of Appeals failed to address an important issue in the case. Specifically, Brakke argues that the Court of Appeals failed to address the issue that it referred to in footnote three of *Brakke,* which reads:

> "3. On the motion for summary judgment, *Alice did not argue, and we therefore do not consider,* whether, under § 11–18–09, N.D.C.C., a document number was required to be stamped on Alice's 'deeds' when they were initially presented to the register of deeds and, under § 11–18–10, N.D.C.C., '[i]mmediately' entered in the reception book along with the date of filing, for purposes of relating back when the 'deeds' were finally recorded. *See* § 47–19–08, N.D.C.C. ['An instrument is deemed to be recorded when, whether entitled to record or not, it is deposited with the proper officer for record, if such instrument is subsequently recorded.'] It is unclear from this record whether document numbers were stamped on the deeds on February 14 or on February 26, 1985."

[Emphasis added.] *Id.,* 489 N.W.2d at 597. The Court of Appeals did not resolve the footnoted issue because Brakke had not raised it before the trial court and, therefore, had not preserved it on appeal. An issue not properly raised before the trial court cannot be raised for the first time on appeal nor asserted as a basis for reversal on appeal. *State v. Steffes,* 500 N.W.2d 608 (N.D.1993); *Wenzel v. Wenzel,* 469 N.W.2d 156 (N.D. 1991).

Brakke has entirely failed to set forth a valid ground for vacating the original judgment of dismissal. Consequently, the trial court did not abuse its discretion in denying the motion to vacate the judgment.

ORDER AFFIRMED.

KIRK SMITH, District Judge, RALPH J. ERICKSTAD, Chief Surrogate Judge, and JON R. KERIAN, Surrogate Judge.

PER CURIAM.

Alice Brakke filed a petition for rehearing with this court on April 25, 1994. In it she asserts that the issue referred to but not resolved by the Court of Appeals in footnote three of *Brakke v. Kensrud,* 489 N.W.2d 594, 597 (N.D.1992), was raised by her in the original complaint. Brakke's complaint vaguely touched upon the issue:

> "Defendants expressly stated and promised to Plaintiff that said Deeds were and IS recorded as of the same date when it was and is received, that is February 14, 1985, pursuant to North Dakota Century Code 47–19–08, 11–18–01(1)(4), 11–18–09 and 11–18–11."

By affidavits Brakke responded to the defendant's motion for summary dismissal of her claim, stating that she was told by the clerk in the register of deeds office that the deeds "are filed as of now." However, in filing a petition for rehearing before the Court of Appeals and a petition for review by the North Dakota Supreme Court of the *Brakke v. Kensrud,* 489 N.W.2d 594 (N.D.1992) decision, Brakke did not argue that footnote three of the decision was in error or that she had properly preserved the issue for review. Under these circumstances, we conclude that the trial court did not abuse its discretion in refusing to grant Brakke relief from the judgment under Rule 60(b), N.D.R.Civ.P.

The petition for rehearing is denied, and it is ordered that the mandate be issued forthwith.

KIRK SMITH, District Judge, RALPH J. ERICKSTAD, Chief Surrogate Judge, and JON R. KERIAN, Surrogate Judge, concur.