No. 10,236.

STONG, State Treasurer *v.* THE INDUSTRIAL COMMISSION.

Decided February 20, 1922.

Action in *mandamus* to compel the state treasurer to invest money belonging to the state compensation insurance fund in United States bonds.   Writ granted.

## Affirmed.

1.   OFFICERS—*Mandamus.*   Mandamus lies to compel a bonded public officer to do his duty.

2.   STATUTES—*Construction.*   A statute which gives the power to direct, also imposes the duty on the one directed to obey.

3.   STATE COMPENSATION INSURANCE FUND—*Control—Investment.*   The industrial commission has full control of the fund, and nothing is required of the state treasurer but to obey the instructions of the commission as to the investment thereof, under the statute.

4.   CONSTITUTIONAL LAW—*Public Funds—State Treasurer.*   Constitutional provisions giving the state treasurer control over state money, have no application to a special fund, not a part of the general revenues of the state, and of which the treasurer is custodian only, e. g., the state compensation insurance fund.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES ROACH, deputy, Mr. B. M. MCMULLEN, assistant, Mr. A. M. STEVENSON, Mr. GEORGE A. CARLSON, for plaintiff in error.

Mr. H. E. CURRAN, Mr. W. F. MOWRY, Mr. CHARLES H. SMALL, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE district court upon the relation of the Industrial Commission, granted a peremptory *mandamus,* requiring Stong, state treasurer, to invest $200,000 of the state compensation insurance fund in United States bonds. He brings error.

The statute, S. L. 1919, chapter 210, contains the following:

"Section 123. The Commission is hereby vested with full power, authority and jurisdiction over the State Compensation Insurance Fund and may do and perform any and all things, whether herein specifically designated or in addition thereto, which are necessary or convenient in the exercise of any power, authority or jurisdiction over said Fund in the administration thereof under the provisions of this act, as fully and completely as the governing body of a private insurance company might or could do, subject, however, to all the provisions of this act."

"Section 140. The State Treasurer shall be the custodian of the State Compensation Insurance Fund and all disbursements therefrom shall be paid by him upon warrants of the State Auditor upon vouchers issued by the Commission and the State Auditor is hereby authorized and directed to draw warrants upon the State Compensation Insurance Fund for payment thereof, upon order of the Commission."

"Section 141. The Commission shall in writing authorize and direct the State Treasurer to invest any portion of the State Compensation Insurance Fund which in

the judgment of the Commission is not needed for immediate use. Said fund, including its surplus and reserves or any portion thereof, may be invested in any warrants or bonds of the State of Colorado or of the United States of America at market price, as may be determined by the Commission.  *  *  *  Upon the direction of the Commission, with the approval of the State Auditing Board, the State Treasurer shall sell or dispose of such portion of the investments of said Fund at market price, as may be directed."

The Commission directed the treasurer to invest in United States bonds but he disobeyed and invested in state warrants.

In this court the plaintiff in error makes four points:

1.   He says that the petition neither alleges nor shows that the relator had no remedy at law.

The brief suggests an action for damages could be brought on the bond of the treasurer as custodian of the fund, and so *mandamus* will not lie. The conclusion necessitates the premise that no public officer who has given a bond can be compelled to do his duty. Such is not the law. *Bell v. Thomas*, 49 Colo. 76, 111 Pac. 76, 31 L. R. A. (N. S.) 664.

2.   Plaintiff in error says "It affirmatively appears from the petition that the plaintiff in error is not directed by law to perform the act complained of."

It is immaterial what the petition shows the law to be. We look to the statute for that. In support of this second proposition, however, it is urged that section 141 merely gives the Commission power to direct and does not require the treasurer to obey. We think such an argument requires no answer.

3.   It is said that the act required involves the exercise of skill, judgment and discretion and is not a ministerial act. We cannot agree to this proposition.

The language is plain and incapable of two constructions. Full control of the fund is given to the Commission; the custodian is authorized to do nothing with it

except upon their order, and his investment of it is restricted to "warrants or bonds of the state of Colorado, or of the United States of America at market price, as may be determined by the Commission." The custodian is as much under the control of the words "as may be determined by the Commission" as by what precedes them. Nothing is required of the treasurer by the statute but to obey the commission and invest as directed at the market price. It is enough here to cite *Kendall v. U. S.*, 12 Pet. 524, 9 L. Ed. 1181, and *People v. Higgins*, 69 Colo. 79, 84, 85, 168 Pac. 740.

4. It is claimed that section 141, if construed as above, violates article 10, section 12 and article 5, section 33 of the Constitution.

The argument is that the power of the treasurer over the state money is constitutional and so cannot be taken from him by the General Assembly. This, without decision, may be conceded; and we also pass over the power given to the legislature by said section 12, to regulate "the safe keeping and management of the public funds in the hands of the treasurer"; yet the constitution is not violated, because the fund in question is not the general property of the state and its custody is no part of the treasurer's constitutional duty but is conferred on him by statute only. The fund is not "creditable to the general revenue of the state" and is "designated for purposes other than such general revenue," and so is not in the treasury of the state, S. L. 1913, pp. 580, § 1 and 582, § 4. The treasurer, *eo nomine,* is made custodian of it, but gives a special bond, and anybody else, e. g. the Industrial Commission itself, might have been and may hereafter be made such custodian when the legislature sees fit.

Judgment affirmed.

MR. CHIEF JUSTICE SCOTT not participating.