## No. 11,994.

### PAPPAS *v.* CAPPS, SHERIFF.

Decided January 9, 1928.

Action in mandamus. Demurrer to alternative writ sustained and action dismissed.

*Reversed.*

*On Application for Supersedeas.*

1. EXECUTION—*Levy.* A creditor after judgment has the right to have his execution levied upon such property as he may specifically designate.

2. MANDAMUS—*Levy of Execution—Exemption.* In an action to compel a sheriff to levy execution upon an automobile of the debtor, the writ of mandamus is not defective because it fails to state that the auto was not exempt from execution. If that was a fact, it was a matter to be alleged in the answer.

3. EXEMPTION—*Execution.* Exemption from levy under execution is a personal privilege that may be asserted or waived by the judgment debtor.

4. OFFICES AND OFFICERS—*Mandamus.* Mandamus lies to compel a public official to perform a duty concerning which he has no discretion.

*Error to the District Court of Huerfano County, Hon.*
*A. F. Hollenbeck, Judge.*

Mr. I. E. SARCHET, for plaintiff in error.

Mr. GEORGE H. BLICKHAHN, for defendant in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE plaintiff in error obtained an alternative writ of mandamus against the defendant in error, as sheriff, commanding him to levy execution upon an automobile, or show cause within a specified time why he has failed to do so. A general demurrer to the writ was sustained, the plaintiff elected to stand upon the writ, and the action was dismissed.

The alternative writ states that from the petition it appears that Pappas obtained a money judgment against one Kartas; that execution was issued; that Pappas placed the execution in the hands of defendant, and directed the latter to levy upon an automobile; that Kartas, the judgment debtor, owned the automobile; that after a diligent search Pappas "has been unable to discover any property of  *  *  *  Kartas not exempt from execution, with the exception of" the automobile; that Pappas tendered to defendant the "necessary and demanded fees" for levying the execution, and a good and sufficient indemnifying bond; that such fees and bond "were accepted by the defendant as good and sufficient"; and that defendant refused to make the levy.

1. The defendant contends that no duty rests upon him to levy upon the automobile; that he is commanded by the writ to levy generally upon the goods and chattels of Kartas, not upon any specific property; and that he (the defendant) has a discretion in the matter of selecting property upon which to levy. In *Curry v. Equitable Surety Co.*, 27 Colo. App. 175, 148 Pac. 914, it was said: "It cannot well be denied that a creditor, after judgment or after suing out a writ of attachment, has the right to have the execution or writ of attachment levied upon such property as he may specifically designate, and no other, notwithstanding (as in the present case), the writ in-

structs the officer to seize and take into his possession *all* the property of defendant which he may find in his jurisdiction."

We adopt that as a correct statement of the law applicable to this case. This contention, therefore, is untenable.

2. For the same reason, we cannot uphold the defendant's contention that it must appear in the writ that the automobile is the only property owned by Kartas.

3. Another point urged by the defendant is that it does not appear that the automobile is not exempt from levy, and that for this reason the writ does not state facts sufficient to entitle Pappas to the relief sought. This does appear inferentially, though not in strict compliance with the rules of good pleading. But exemption is a personal privilege that may be asserted or waived by the judgment debtor. It was not necessary for the writ to state that the automobile is not exempt from levy. If in fact it is exempt, that fact should appear in the answer.

4. Why it is stated in the writ that an indemnity bond was tendered to defendant, and accepted by him as good and sufficient, is not clear. So far, it does not appear that there is any dispute concerning Kartas' ownership of the automobile. *Porter v. Stapp,* 6 Colo. 32.

5. Defendant's contention that there is a plain, speedy and adequate remedy in the ordinary course of law, and that mandamus is not the proper remedy, is without merit. *Bell v. Thomas,* 49 Colo. 76, 111 Pac. 76, 31 L. R. A. (N. S.) 664; *Stong v. Industrial Commission,* 71 Colo. 133, 204 Pac. 892; 38 C. J. p. 564.

The court erred in sustaining the demurrer.

The judgment is reversed, with the direction to the trial court to overrule the demurrer.

Mr. Chief Justice Burke, Mr. Justice Adams, and Mr. Justice Campbell concur.