No. 25398

**Donald H. MacManus and Clarence A. Decker v. John A. Love, Governor of the State of Colorado**
(499 P.2d 609)

Decided July 31, 1972.

David J. Hahn, C. Thomas Bastien, for plaintiffs-appellees.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Jerry W. Raisch, Assistant, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

In the spring of 1971, the General Assembly of Colorado adopted the so-called "Long Bill," to provide for the payment of the expenses of the executive and judicial departments of the state and of its agencies and institutions for and during the fiscal year beginning July 1, 1971. The Governor approved the bill, but with a number of exceptions. The plaintiffs, who were State Senators, brought this action in the district court to obtain a declaration that the exceptions of the Governor were improper vetoes. The Governor counterclaimed, alleging that a rather large number of attempts by the General Assembly to limit appropriations in the bill were in violation of Colo. Const. art. III (separation of powers) and art. V, § 32. The trial court ruled substantially in favor of the Governor, but adversely in several particulars.

One of the adverse rulings concerned § 2(d) of the bill, a portion of which read as follows:

".... Any federal or cash funds received by any agency in excess of the appropriation shall not be expended without additional legislative appropriation."

The trial court made the following ruling:

"The Court finds that the veto of subsection 2(d) was improper because the matters contained therein do not represent items subject to veto; and, moreover, because the purpose of this subsection is merely to explain the meaning of certain portions of the Bill itself and therefore constitutes a condition inseparably connected to all the appropriations to which it applies. The Court further finds that the General

Assembly has the authority to appropriate the federal funds to which this subsection applies."

This ruling is the sole matter before us. We hold that the legislative limitation was in violation of the constitutional doctrine of separation of powers and, therefore, we reverse.

Colo. Const. art. III provides that:

"The powers of the government of this state are divided into three distinct departments, — the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any power properly belonging to either of the others, except as in this constitution expressly directed or permitted."

The parties are in agreement that, subject to constitutional limitations, the General Assembly has plenary or absolute power over appropriations and that it may attach conditions upon the expenditure thereof. It follows that the General Assembly can appropriate state moneys conditioned upon the receipt of matching federal moneys.

In contrast, there is not here involved any appropriation of state funds. Rather, § 2(d) is an attempt to limit the executive branch in its administration of federal funds to be received by it directly from agencies of the federal government and unconnected with any state appropriations. In fact such funds, to be received in the future, may often be unanticipated or even unknown at the time of the passage of the bill.

The Colorado Constitution merely states in effect that the legislature cannot exercise executive or judicial power; that the executive cannot exercise legislative or judicial power; and that the judiciary cannot exercise executive or legislative power. It does not prescribe exact limits of the respective powers. The dividing lines between the respective powers are often in crepuscular zones, and, therefore, delineation thereof usually should be on a case-by-case basis. *State ex rel. Meyer v. State Board of Equalization and Assessment,* 185 Neb. 490, 176 N.W.2d 920 (1970).

The legislative power is the authority to make laws

and to appropriate state funds. The enforcement of statutes and administration thereunder are executive, not legislative, functions. *Springer v. Philippine Islands,* 277 U.S. 189, 48 S.Ct. 480, 72 L.Ed. 845 (1928).

The power of the General Assembly to make appropriations relates to state funds. *Bedford v. People,* 105 Colo. 312, 98 P.2d 474 (1939). Custodial funds are not state moneys. *Stong v. Industrial Commission,* 71 Colo. 133, 204 P. 892 (1922). As we read *Bedford v. People, supra,* it supports the proposition that federal contributions are not the subject of the appropriative power of the legislature.

The appellees have made the argument that § 2(d) was not an item subject to the veto power conferred by Colo. Const. art. IV, § 12, and the Attorney General has not taken issue. We do not reach the question in the light of our ruling that the limitation was void, irrespective of a veto. Neither do we reach the following other issues which have been argued: (1) that, by reason of a number of statues which grant power to the Governor, he should not be so limited; (2) that the legislative limitation conflicts with federal legislation making the funds available to the state; and (3) that the limitation is void by reason of conflict with Colo. Const. art. V, § 32. We simply hold that § 2(d) is unconstitutionally void as an infringement upon the executive function of administration.

In the one particular here considered, the declaration of the district court is reversed.

MR. JUSTICE HODGES and MR. JUSTICE ERICKSON not participating.