Dick R. Murphy Director of Treasury Operations Department of the Treasury 140 State Capitol Denver, Colorado 80203
Dear Mr. Murphy:
Your letter to this office dated December 4, 1979, requests a legal opinion concerning the authority of the state treasurer to serve as custodian and fiduciary of moneys deposited in the Fire and Police Members' Benefit Fund created by Senate bill 79, adopted during the 1979 session of the general assembly. Your letter states that a task force studying the operational aspects of Senate bill 79 has asked the state treasurer to serve as custodian and fiduciary for the Fire and Police Members' Benefit Fund (the "Benefit Fund") until a permanent custodian is found.
QUESTIONS PRESENTED AND CONCLUSIONS
You ask several specific questions concerning the authority of the state treasurer to serve as custodian and invest moneys of the Benefit Fund.
 It is my opinion that the state treasurer may not lawfully serve as custodian of moneys or securities held for the Benefit Fund nor may he lawfully invest any moneys on deposit in that fund. This opinion is based on my examination of Senate bill 79 and other relevant provisions of Colorado law.
ANALYSIS
The Nature of the Benefit Fund. Senate bill 79 establishes a statewide plan to provide pension, death and disability benefits to police and firemen throughout the state. C.R.S. 1973, 31-30-1001. To accomplish this purpose S. B. 79 creates the Fire and Police Pension Association (the "pension association") governed by a board of directors (the "board"). C.R.S. 1973, 31-30-1004. S. B. 79 further creates the Benefit Fund, consisting of contributions from employers in the Pension Association and moneys of fire and police benefit plans, including member, employer and state contributions made pursuant to part 10 of article 30, title 31, C.R.S. 1973, fees collected, gifts received, unclaimed deposits, investment income and assets of other related funds as specified in article 30. Disbursements from the fund are to be made for expenses, refunds, benefits and investment. C.R.S. 1973, 31-30-1012(1)(a).
The board is made trustee of the Benefit Fund and given authority to invest portions of the fund it deems may not be immediately required for payment of refunds or benefits, subject to specified restrictions on its investment authority. C.R.S. 1973, 31-30-1012(2). Subsection (3) of that statute directs the board as follows, in pertinent part:
 The board shall designate one or more financial institutions as custodians of the fund.
Powers of the State Treasurer. The state treasurer "has all of the powers, duties, and obligations conferred upon him by the state constitution and is the official custodian of all state moneys and securities, unless otherwise expressly provided by law." C.R.S. 1973, 24-36-101. This does not mean, however, that the state treasurer is necessarily the custodian of a fund which holds deposits of state money but is not itself the general property of the state. For instance, in Stong v. IndustrialCommission, 71 Colo. 133, 204 P. 892 (1922) it was held that custody of the state compensation insurance fund was conferred on the state treasurer not as a constitutional duty, but by statute and subject to change by the general assembly. Similarly the state treasurer serves as custodian of the Public Employees Retirement Fund pursuant to statutory authority conferred by the general assembly. C.R.S. 1973, 24-51-106(2).
The Benefit Fund has as its trustee the Pension Association. The express language of C.R.S. 1973, 31-30-1004(1) establishes clear legislative intent that the Pension Association is not a state agency. The Benefit Fund is created to accept contributions of state moneys, but also includes contributions from employers, firemen, policemen, investment income, gifts and other sources. The beneficiaries of the Benefit Fund are police and firemen who are employed by municipalities and fire protection districts. The Benefit Fund is therefore not part of the general property of the state, as that concept is applied in the Stong case.
If the state treasurer may lawfully serve as custodian of the Benefit Fund, it is only because the general assembly has expressly authorized him to do so. However, it is evident from the above-quoted portion of C.R.S. 1973, 31-30-1012(3) that the general assembly has mandated that the board designate "one or more financial institutions" as custodians. The state treasurer is a constitutional officer of the state charged with the safekeeping of state moneys and is not a "financial institution" as that term is ordinarily used. For example, title eleven of C.R.S. 1973 is entitled "Financial Institutions" and contains statutory authorization for banks, industrial banks, trust companies, trust funds, credit unions, and savings and loan associations.
Since the general assembly has expressly designated another custodian, the treasurer has no authority to invest moneys of the Benefit Fund, or to serve as custodian of securities purchased by the board with moneys deposited in the Benefit Fund.
SUMMARY
The other questions raised in your letter are only relevant if the treasurer may serve as custodian and invest Benefit Fund moneys. Since it is my opinion that the treasurer may not serve as custodian for the Benefit Fund, your other questions do not require further response. If you have additional questions concerning this matter, please do not hesitate to contact this office.
Very truly yours,
 J.D. MacFARLANE Attorney General
TREASURER, STATE RETIREMENT SYSTEMS FIRE DEPARTMENTS POLICE PUBLIC FUNDS SECURITIES
C.R.S. 1973, 31-30-1001
C.R.S. 1973, 31-30-1004 C.R.S. 1973, 31-30-1012 C.R.S. 1973, 24-36-101
TREASURY, DEPT. OF All Other Areas
The state treasurer is not authorized to serve as custodian of moneys deposited in the Fire and Police Members' Benefit Fund. Moneys in the Benefit Fund are not part of the general property of the state charged to the care of the state treasurer. The general assembly has specifically designated a different custodian for the Benefit Fund.