Richard B. Doby State Bank Commissioner 201 East Colfax Denver, CO 80203
Dear Mr. Doby:
I am writing in response to your request for a formal legal opinion concerning reimbursement for expenses incurred by you in connection with the liquidation of industrial banks.
QUESTION PRESENTED AND CONCLUSION
Are moneys paid to the Division of Banking as reimbursement for the necessary and reasonable expenses of the state bank commissioner's possession of an industrial bank and its liquidation custodial funds which may be expended by the division without appropriation by the legislature?
 It is my opinion that moneys paid to the division as reimbursement for all necessary and reasonable expenses incurred as a result of the commissioner's possession or liquidation of an industrial bank are custodial funds, are not generally available for state uses, and may be spent by the division without appropriation.
ANALYSIS
C.R.S. 1973, 24-36-103(1) requires that every officer and agency of state government transmit to the state treasury department all moneys of any nature "accruing to the state from any source whatsoever." However, the Colorado Supreme Court has ruled that the state treasury contains funds which are not state moneys and which may be disbursed by an agency without an appropriation.McManus v. Love, 179 Colo. 218, 499 P.2d 609 (1972);Stong v. Industrial Commission, 71 Colo. 133,204 P. 892 (1922). The court in McManus stated: "Custodial funds are not state moneys." 179 Colo. at 22.
A recent attorney general's opinion by Attorney General J. D. MacFarlane sets forth the guidelines to determine what are custodial funds. The guidelines which may be considered in making the determination are:
 1. Whether the moneys are raised by some method other than those by which state revenues are normally raised, i.e., were they raised by some type of special assessment rather than taxes;
 2. Whether the moneys are designated by law for a specific purpose and that purpose only, and therefore are not available for other state purposes, e.g., trust funds for which the state treasurer is trustee;
 3. Whether there are provisions of law which require the state treasurer to segregate those moneys from other moneys for which he is responsible;
 4. Whether someone other than the state treasurer could have been made custodian of those moneys even if the treasurer has in fact been made responsible.
Attorney general opinion (Colo. November 16, 1982).
The moneys reimbursed to the division for expenses incurred in connection with the commissioner's possession and liquidation of industrial banks are paid pursuant to C.R.S. 1973, 11-22-602(3) and (6) and 11-22-604(8)(a) (Supp. 1982).
C.R.S. 1973, 11-22-602(3) provides in relevant part:
 The commissioner may appoint a liquidator to conduct the liquidation of the affairs of any bank. The liquidator shall perform all of the duties required of the commissioner under this article and shall make such periodic reports as the commissioner shall require. . . . The liquidator may employ such other assistants and legal counsel at such reasonable compensation as the liquidator shall determine to be necessary. All expenses incident to the liquidation shall be paid out of the assets of the bank.
(Emphasis added.)
C.R.S. 1973, 11-22-602(6) (Supp. 1982) states: "All necessary and reasonable expenses of the commissioner's possession of a bank and of its liquidation shall be paid from the assets thereof."
C.R.S. 1973, 11-22-604(8)(a) establishes the priority of claims to be paid in the event of liquidation and specifies that obligations incurred by the commissioner shall be paid before any other claim.
The funds paid as reimbursement for the necessary and reasonable expenses of the commissioner's possession of a bank and its liquidation are custodial funds within the terms of the attorney general's opinion previously cited.
The first guideline for custodial funds is clearly met. The moneys paid to the division in reimbursement of expenses incurred are moneys "raised by some method other than those by which state revenues are normally raised," i.e., taxes. Attorney general opinion, supra. Funds paid to the division to reimburse expenses incurred in connection with the liquidation of a bank are extraordinary, not ordinary annual or anticipated charges of the division.
This is in contrast to chartering fees and assessments for examinations paid to the division pursuant to C.R.S. 1973, 11-22-102(1)(d) and 11-22-111 (Supp. 1982), which are paid in the ordinary course of business and are considered state funds rather than custodial funds. Further, C.R.S. 1973, 11-22-604(8)(a) distinguishes claims for obligations incurred by the commissioner from claims for fees and assessments by providing that claims against an industrial bank in liquidation for fees and assessments shall be paid from the bank's assets subsequent to the claim for obligations incurred by the commissioner.
The other guidelines for determining what are custodial funds are also met. Moneys paid as reimbursement for the reasonable and necessary expenses incurred by the commissioner are "designed by law for a specific purpose and that purpose only, and therefore are not available for other state purposes. . . ." Attorney general opinion, supra. By statute the legislature has specified that money can be claimed from an industrial bank in liquidation on the condition that the money is used to pay for the expenses of liquidation. All expenses incident to liquidation, including the necessary and reasonable expenses of the commissioner's possession and liquidation of a bank "shall be paid from the assets thereof." C.R.S. 1973, 11-22-602(3) and 11-22-602(6) (Supp. 1982) (emphasis added).
Therefore, the funds paid to the division for actual expenses incurred by the commissioner, such as legal expenses, travel, meal, and housing expenses, court reporter charges, and any other expenses which the division has paid or for which it has been billed, are earmarked for a specific purpose. Although there is no specified requirement that such funds be segregated from state moneys, the effect of the statutes quoted above makes the treasurer a custodian of moneys that are not available for general state purposes and that may be spent by the Division of Banking without an appropriation.
SUMMARY
Moneys paid from the assets of a bank to the Division of Banking for expenses incident to the commissioner's possession and liquidation of that bank are custodial funds, are not available for general state purposes, and may be spent by the division without appropriation.
If I can provide further assistance on this matter, please do not hesitate to contact me.
Very truly yours,
 DUANE WOODARD Attorney General
PUBLIC FUNDS APPROPRIATIONS
C.R.S. 1973, 11-22-602(3) and (6) C.R.S. 1973, 24-36-103(1)
REGULATORY AGENCIES, DEPT. Banking, Div. of
Moneys paid from the assets of a bank to the Division of Banking for obligations incurred by the commissioner and expenses incident to the commissioner's possession and liquidation of that bank are custodial funds, are not available for general state purposes, and may be spent by the division without appropriation.