Kenneth H. Torp Executive Director Office of State Planning Budgeting 102 State Capitol Building Denver, Colorado 80203
Dear Mr. Torp:
I am writing in response to your letter of February 22, 1983 in which you request a legal opinion concerning certain steps the Governor might take to avert a deficit at the end of the fiscal year. Specifically you have asked about the Governor's authority to eliminate payments to school districts under the School Finance Act.
QUESTION PRESENTED AND CONCLUSION
In order to avoid a deficit in the state budget at the end of the fiscal year, is the governor now legally compelled to eliminate payments to school districts under the School Finance Act prior to making other budget cutbacks?
 It is my opinion that the Governor is not presently compelled by law to withhold school district payments; however, he is authorized to use his broad discretionary powers to withhold state spending to avoid a projected year-end deficit.
ANALYSIS
Article X, section 16 of the Colorado Constitution prohibits the state from incurring a budget deficit at the end of the fiscal year. The Colorado Supreme Court has held that the Colorado Constitution requires that any appropriation made by the general assembly which exceeds available state revenues for the fiscal year is void and does not constitute a state obligation. The executive branch has an obligation to decline to draw or pay warrants for such unconstitutional appropriations. In reAppropriations, 13 Colo. 316, 22 P. 464 (1889). Seealso Parks v. Commissioners of Soldiers and Sailors'Home, 22 Colo. 86, 43 P. 542 (1896); Goodykoontz v.People ex rel. Sawyer, 20 Colo. 374, 38 P. 473 (1894);In re Loan of School Fund, 18 Colo. 195; 32 P. 273
(1893); and Henderson v. People ex rel. Wingate,17 Colo. 587, 31 P. 334 (1892). The general assembly has a constitutional duty to provide "an annual tax sufficient, with other resources, to defray the estimated expenses of the state government for each fiscal year." Colo. Const. art. X, § 2.
As a general rule, however, an executive officer may not decide that there is insufficient revenue to pay a particular appropriation until the end of the fiscal year when the total revenues for the year have been applied to the payment of appropriations. People ex rel. Colorado State Hospitalv. Armstrong, 104 Colo. 238, 90 P.2d 522 (1939). This obviously presents a problem for a responsible executive officer who anticipates a year-end deficit.
Among the funds appropriated in the 1982 Long Bill for purposes of the Public School Finance Act is a portion expressly designated as being appropriated from property tax relief funds pursuant to C.R.S. 1973, 22-50-101.7(1). See Colo. Sess. Laws p. 15. That statute provides:
 The general assembly hereby finds and declares that the funding of this article the Public School Finance Act of 1973 through appropriation of general fund revenues in excess of the seven percent limitation prescribed in section 24-75-201.1, C.R.S. 1973, is proper to the extent that the distributions of said revenues under this article will achieve property tax relief.
The seven percent spending limitation restricts state general fund spending in each fiscal year to seven percent over previous year spending, but provides for certain exceptions as follows, in pertinent part:
 Any amount of general fund revenues in excess of seven percent, and after retention of unrestricted general fund year-end balances of no less than four percent of the amount appropriated for expenditure from the general fund for the current fiscal year, shall be placed in a special reserve fund to be utilized for tax relief. . . .
C.R.S. 1973, 24-75-201.1 (emphasis added).
Subject to constitutional limitations, the general assembly may attach conditions to the expenditure of appropriations.MacManus v. Love, 179 Colo. 218, 499 P.2d 609 (1972). The apparent legislative intent in the 1982 Long Bill appropriation, discussed above, was to appropriate certain moneys for the Public School Finance Act from the special reserve fund created by C.R.S. 1973, 24-75-201.1 as an exception to the seven percent spending limitation.
You have advised me that your office anticipates that revenues in the current fiscal year will be insufficient to pay appropriations which fall within the seven percent spending restriction. You therefore anticipate that there will be no excess revenues to place in the special reserve fund created by C.R.S. 1973, 24-75-201.1.
Pursuant to the Public School Finance Act, the state's payments to eligible school districts are payable in 12 approximately equal monthly payments. C.R.S. 1973, 22-50-112, (Supp. 1982). The General Assembly apparently intended that a portion of these payments be made with an appropriation conditioned upon the availability of revenues in excess of the seven percent spending restriction.
To the extent that appropriations for purposes of the School Finance Act are made from that special reserve fund, and from no other source, it would appear there may be no revenues to pay that particular appropriation. This fact will not be known finally, however, until the end of the fiscal year and the closing of the books. The legislature could provide for additional revenues not now anticipated. For this reason I am unable to conclude that the governor is compelled by law to withhold school district payments at this time although he may be so compelled by the end of the fiscal year.
There is legal precedent for the proposition that the ordinary expenses of state government should be paid prior to appropriations for other purposes in the event of a revenue shortfall. In Henderson v. People ex rel.Wingate, supra, the Colorado Supreme Court held that Long Bill appropriations "having been passed to defray the expenses of the executive, legislative and judicial departments of the state government, must take precedence over" an appropriation made in a separate bill to construct and maintain a veterans' home. 17 Colo. at 590. This principle has been enacted in statutory form in C.R.S. 1973, 24-75-101 which provides that certain appropriations are to be preferred over others in the event of a revenue shortfall. See alsoIn re Appropriations, supra.
Appropriations for school district purposes from property tax relief would not be entitled to preference in the event of such a shortfall. Again a final decision whether revenues will be sufficient to pay appropriations may not be made prior to the fiscal year end. Therefore, nonpayment is not legally compelled until the end of the fiscal year.
The above analysis leads me to the conclusion that you are not presently legally compelled to withhold School Finance Act funds, but you should be aware that you have several options available to you as a manager to avoid a deficit. C.R.S. 1973, 24-2-102(4) states:
 (4) If, during any fiscal period, there are not sufficient revenues available for expenditure during such period to carry on the functions of the state government and to support its agencies and institutions and such fact is made to appear to the governor, in the exercise of his discretion, by executive order, he may suspend or discontinue, in whole or in part, the functions or services of any department, board, bureau, or agency of the state government. Such discontinuance or suspension shall become effective upon the first day of the calendar month following the entry of such executive order and shall continue for such period of time, not to exceed three months, as shall be determined by such executive order. If, during any such period of time, it again appears to the governor that such deficiency of revenues still persists, from time to time, he may extend the operation of such executive order for a like period of time not to exceed three months; but the state shall not be liable for the payment of any claim for salaries or expenses purporting to have accrued against any such department, board, bureau, or agency during any such period of suspension, and the controller shall not issue nor may the state treasurer honor any warrant therefor. Elective officers shall not be subject to the provisions of this article, parts 2 and 4 of article 30, and articles 31, 35, 36, and 101 to 111 of this title.
The chief executive has an obligation and the corresponding power to manage state government within the confines of the Colorado Constitution, including the provision prohibiting deficit spending. C.R.S. 1973, 24-2-102(4) gives you considerable latitude within which to exercise your discretion to see that this constitutional mandate is fulfilled.
This discretion is not unlimited. Under C.R.S. 1973, 24-75-101, certain state appropriations identified as appropriations of the first class shall be paid before other appropriations identified as appropriations of the second class. (Payments to local school districts would constitute appropriations of the second class.) Therefore, if you anticipate that state revenues will be sufficient to pay all appropriations of the first class but not all appropriations of the second class, you should see that the appropriations of the first class are paid. Under 24-2-104(2), you have considerable discretion to determine which of the appropriations of the second class are not to be paid because of the revenue shortfall. The decision which appropriations of the second class should be paid prior to year-end is a policy matter without clear legal guidelines.
SUMMARY
It is my opinion that in the event of a deficit at the end of the fiscal year, the governor may be compelled to not pay certain appropriations, which will include certain school district payments if revenue does not exceed the seven percent spending limitation. However that conclusion does not mean that the Governor is presently compelled by law to refuse to make school district payments before the end of the fiscal year.
Very truly yours,
 DUANE WOODARD Attorney General
APPROPRIATIONS SCHOOL DISTRICTS GOVERNOR
C.R.S. 1973, 24-75-201.1
C.R.S. 1973, 22-50-101.7(1) C.R.S. 1973, 22-50-112 C.R.S. 1973, 24-75-101
C.R.S. 1973, 24-2-102(4)
Colo. Const. art. X, § 16
Colo. Const. art. X, § 2
PLANNING BUDGETING DEPT. GOVERNOR, OFFICE OF
In the event of a fiscal year-end deficit, the Governor may be compelled to not pay certain appropriations including school district payments to be made from the special reserve fund for property tax relief. That decision is not compelled as a matter of law prior to the end of the year.