Tom Hadden Budget Execution Office of State Planning and Budgeting 102 State Capitol Building Denver, CO 80203
Dear Mr. Hadden:
I am writing in response to your letter of September 13, 1985 in which you ask for legal advice concerning how certain restrictions in the 1985 Long Bill affect related appropriations of general and cash funds. The restrictions provide that in the case of related appropriations of general fund dollars and cash fund dollars to a state agency, the agency may expend additional cash funds only if it reduces its general fund appropriation by a corresponding amount. You ask whether those 1985 Long Bill restrictions on cash spending apply to a situation where one state agency contracts to provide goods or services to another state agency pursuant to statute.
QUESTION PRESENTED AND CONCLUSION
Whether executive agencies which exceed their cash funds appropriation in order to provide goods or services to other state agencies must reduce a related general fund appropriation by a corresponding amount.
 Yes. The reduction must be made pursuant to cash spending restrictions in the 1985 Long Bill. That restriction does not apply, however, to federal funds, custodial funds or to funds which are subject to agency expenditure pursuant to statute.
ANALYSIS
The 1985-86 Long Bill makes appropriations to state agencies from both the general fund and "cash funds." The latter term is defined in the Long Bill to include all revenues to the state from nongeneral fund sources except federal funds and other moneys not subject to legislative appropriation. That definition further provides that the amount set out in a cash fund appropriation is the maximum that may be spent for that purpose except for the circumstances discussed below. See
1985 Colo. Sess. Laws 1394. In many instances a state agency generates cash funds by charging statutorily authorized fees for various activities.
You are concerned with the restriction which appears in a headnote to the Long Bill and provides as follows:
 When a cash fund appropriation, whether in a line item or an asterisked note, has a related general fund appropriation, cash funds received in excess of the cash fund appropriation may be expended, but only if the related general fund appropriation is reduced in an amount equal to the amount of cash funds expended in excess of the cash fund appropriation. When the related general fund appropriation has been reduced to zero by the expenditure of cash funds in excess of the cash fund appropriation, no further cash funds shall be expended for the purpose shown.
1985 Colo. Sess. Laws 1395 (emphasis in the original). The obvious purpose of this condition is to set an overall limit on spending for a designated purpose, without regard to whether an agency is funded by general fund dollars or cash funds.
You have informed me that certain state agencies ("seller agencies") enter into inter-agency contracts to provide goods or services to other state agencies ("purchaser agencies"). The purchaser agency uses appropriated funds from its budget to pay the seller agency. Such payments are considered cash funds to the seller agency and are expended by the seller agency subject to the limits of its cash fund appropriation in the 1985 Long Bill. In some instances, a purchaser agency may have sufficient spending authority to purchase necessary goods or services. But the seller agency may have already expended its total appropriation and may lack spending authority to obtain additional inventory or to pay additional personal services costs. Consequently, the purchaser agency must go outside state government to purchase the goods or services, usually at a higher cost, or must do without.
It is my understanding that usually such intragovernmental contracts are required by statute. For instance, the Division of Central Services is mandated to contract with other state agencies to provide such services as printing, mail room, messengers, and office supplies to those purchaser agencies "according to their needs. . . ." Sections 24-30-1104(1)(j) and24-30-1105(1)(i), C.R.S. (1982). Another example is the requirement that state agencies must obtain legal services from the Department of Law. Section 24-31-101, C.R.S. (1982).
You correctly point out that if the seller agency lacks spending authority, the Long Bill restriction in effect requires the seller agency to refuse to provide the requested goods or services despite its legislative mandate. This result occurs even though the legislature has appropriated sufficient funds in the budget of the purchaser agency to pay for these goods or services. Of course, the supplemental appropriation process is available, but decisions approving supplementals are usually made near the end of the fiscal year. Often that decision is made too late to permit the seller agency to hire additional personnel or purchase inventory in time to provide the required goods or services in the current fiscal year.
Your question requires a brief summary of the constitutional provisions governing the legislative appropriation power. It is well established that the Colorado Constitution vests in the general assembly plenary power to determine the amount of state funds to be spent for particular purposes. Colorado GeneralAssembly v. Lamm, 700 P.2d 508 (Colo. 1985); Andersonv. Lamm, 195 Colo. 437, 579 P.2d 620 (1978); MacManusv. Love, 179 Colo. 218, 499 P.2d 609 (1972). This power authorizes the legislature to specify limits on the source of expenditure of cash fund expenditures unless such specification amounts to direct interference with executive administration.Colorado General Assembly v. Lamm, 704 P.2d 1371 (Colo. 1985). The plenary power of appropriation does not extend to such nonstate funds as federal grants or custodial funds.MacManus v. Love, supra. Nonetheless, the legislature properly may restrict the amount of state funds contributed to match nonstate resources. Anderson v.Lamm, supra (Legislative use of the "M" headnote upheld as constitutional exercise of the legislative appropriation power over state funds).
The sweeping legislative power to appropriate state funds unquestionably includes the power to require state agencies to reduce a related general fund appropriation as a condition of spending additional cash funds. This particular Long Bill restriction is analogous to the "M" headnote upheld inAnderson v. Lamm, supra. The fact that only state funds are the subject of the cash funds restriction makes the legislature's authority even more apparent. It is my opinion that seller agencies may exceed the Long Bill cash fund appropriation only if a related general fund appropriation is reduced by a corresponding amount.
The existence of this general rule does not exclude the possibility that an exception may exist in the particular circumstances of a specific agency budget. Your letter addresses specific examples and asks for application of my opinion to one or more of these situations.
The Long Bill restriction places no limit on expenditures of nonstate funds, such as federal grants or custodial funds, because the executive branch has constitutional authority to expend such funds without legislative appropriation.Colorado General Assembly v. Lamm, 700 P.2d 508 (Colo. 1985); Anderson v. Lamm, supra; MacManusv. Love, supra. If a purchasing agency decides to expend federal funds to purchase goods or services from a seller agency for the purposes of a federal grant, then the seller agency may expend those federal funds without being subject to the Long Bill restriction on expenditure of cash funds. Federal funds do not lose their federal character merely because they are the subject of an inter-agency contract.
Similarly, the Long Bill restriction does not apply to state funds which are off-budget where the legislature has empowered an agency by statute to make expenditure decisions. The general assembly may not use the Long Bill to alter or repeal substantive provisions of law enacted by separate statute. Colo. Const., art. V, § 32. If the Long Bill restriction were interpreted as contravening a statutory delegation, it would be void as unconstitutional. Anderson v. Lamm, supra.
For example, the local government mineral impact fund is created by section 34-63-102(5)(a), C.R.S. (1984). That statute requires distribution of the fund by the executive director of the Department of Local Affairs, not by legislative appropriation. Consequently, mineral impact funds are not cash funds for purposes of the Long Bill and may be expended without reducing appropriations to the Department of Local Affairs. Another cited example is the Division of Central Services which has its own revolving cash fund established by statute. That fund is made subject to expenditure by the director of central services, not legislative appropriation. Section 24-30-1108, C.R.S. (1982). The Long Bill restriction considered in this opinion should not be construed as limiting this statutory directive. If it were, that restriction would be void as an unconstitutional attempt to amend substantive legislation.
SUMMARY
In conclusion, seller agencies which exceed their cash fund appropriations must reduce the related general fund appropriation by a corresponding amount. This restriction does not apply to federal funds or other statutorily-created funds which are not subject to legislative appropriation.
Very truly yours,
 DUANE WOODARD Attorney General
PUBLIC FUNDS APPROPRIATIONS LEGISLATURE EXECUTIVE BRANCH
Section 24-30-1104(1)(j), C.R.S. (1982) Section 24-30-1105(1)(i), C.R.S. (1982) Section 24-31-101, C.R.S. (1982)
GOVERNOR, OFFICE OF Planning Budgeting
Executive agencies which exceed their costs funds appropriation must reduce related general fund appropriation, but this restriction does not apply to federal funds of custodial funds.